## Southern Railway Co. in Kentucky v. Alford's Admr.

(Decided November 29, 1912.)

### Appeal from Shelby Circuit Court.

1. Witnesses—Credibility of for Jury—New Trial.—The credibility of the witnesses is for the jury and a new trial will not be granted because the jury believed one set of witnesses rather than another, if the verdict is not palpably against the evidence.

2. Office and Officer—Presumption Officer Did His Duty.—It is presumed that the officer did his duty and this presumption is not overcome where it appears that what was said between the sheriff and a bystander was not in the hearing of any of the jury sent to view the premises.

WILLIS, TODD & BOND for appellant.

EDWARDS, OGDEN & PEAK, PEAK, HOLLAND & DAVIS and T. B. ROBERTS for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Affirming.

On March 25, 1911, Clifton Alford was killed by a freight train on the Southern Railway in Kentucky at Shelbyville; and this suit was brought by his personal representative to recover damages for his death. The proof on the trial showed that Alford and another young man named Roberts, who lived in the neighborhood of Hempridge, were in Shelbyville that day and were more or less under the influence of liquor. In the afternoon they went down to the station. A freight train was standing there which did not carry passengers, and they were warned not to get on it. But shortly before the train started they went around the engine and down on the far side of the train from the station until they came to a flat car, and got upon this car, Alford sitting at the front end of the car and Roberts at the rear end as the train pulled out. The conductor of the train came over the cars as the train was pulling out, and according to the proof for the plaintiff when he got to the car, picked up two large rocks and with one of them knocked Alford off the car, striking him on the back of the head as he was sitting on the side of the car with his feet hanging over the side. This proof was made by Roberts, who was with Alford, and Roberts' testimony is confirmed by several witnesses, who testify to seeing the conductor with the rocks in his hand approaching Alford in a threatening manner, but did not see what occurred after this, owing to the train passing behind an obstruction; and the next thing they saw was that Alford had been run over. On the other hand the proof for the defendant by the train crew was to the effect that the conductor had no rocks in his hands; that he simply told Alford he would have to get off and that Alford thereupon jumped off the car, which was run-

ning four or five miles an hour, and after he got off the car attempted to get on another car in the train some four or five car-lengths away, and was pulled under the train by its motion when he tried to board this car. The testimony of the crew of the train is confirmed by five or six witnesses, who saw Alford on the ground after he got off the train. On the first trial of the case the jury failed to agree. On the second trial there was a verdict for the plaintiff in the sum of $5,000. The circuit court refused to grant a new trial and entered judgment on the verdict. The defendant appeals.

Two grounds are relied on for reversal. First, the verdict is palpably against the evidence; second, there was misconduct of the sheriff who had charge of the jury when sent to view the premises under the order of the court.

First. We do not deem it necessary to go into the details of the testimony. There was much proof to show that this witness or that could not have seen what he professed to have seen by reason of obstructions in the way. One witness testified that the conductor of the train said he threw at Alford until he got off, but he didn't push him off. Another witness testified that Alford looked like he was overbalanced when he got off the flat car, looked like his head was swimming. If Alford was struck on the back of the head with the rock as shown by the proof for plaintiff, this condition is easily accounted for. The weight of the evidence shows that the conductor had the rocks in his hands and was approaching Alford in a threatening manner with them; and the weight of the evidence also shows that Alford got off that car and was run over by a car four or five car-lengths from that car. But if he was in a stunned condition, either from being struck by the conductor or in falling from the car to get out of his way when the conductor was assaulting him with rocks, it cannot be said that the wrongful act of the conductor was not the proximate cause of his injuries if by reason of his stunned condition he was then run over and killed by the train. The jury saw and heard the witnesses. The case involved a number of controverted facts. There were circumstances not without weight tending to support the conclusion relied on for the plaintiff as well as the conclusion relied on by the defendant. The case turned in the end on the credibility of the witnesses, and we have often held that we will not disturb the ver-

dict of a jury because they believe one set of witnesses rather than another.   On the whole record we cannot say that the verdict is palpably against the evidence. The law has committed to the decision of a jury questions of this sort, for the reason that they put together their common experiences, and their verdict may be more safely trusted than the conclusion of a single judge on questions of this sort.   It is only where their verdict is palpably against the evidence that this court will disturb it on the facts.

Second. At the conclusion of the evidence the court sent the jury in charge of the sheriff to view the premises under the usual charge.   On the motion for new trial the defendant filed the affidavit of Robert A. Bryant, stating that the sheriff called him from his yard and directed him to stand on the place where he had been informed the decedent was killed, and after placing him at that place went to the residence of M. A. Brown, where the jury was.   Bryant did not see the decedent killed and did not know where the point was.   The defendant also filed the affidavit of John W. Suter that he saw a portion of the jury on the premises of M. A. Brown making observations where Alford was killed; that he looked east and saw Bryant standing, but not at the place where decedent was killed; that he saw two of the jurymen making observations when Bryant was in this position, and that the view from the porch was obstructed; but if Bryant had stood either at the place where the decedent jumped from the car or where he was jerked under the car, the jurors could have seen him plainly.   The plaintiff filed, on the hearing of the motion, the affidavit of the sheriff who said that after the jury had examined the premises and separated and were out of hearing or seeing, he for his own information requested Bryant to show him where the body of Alford lay; that Bryant did so; that he was particularly careful that none of the jurymen were in seeing or hearing distance at this time and that none of them in fact heard or saw this.   No other evidence was offered on the question.   On this evidence the circuit court properly overruled the objection; for it will be observed that Bryant does not show in his evidence that any of the jurymen saw or heard what took place between him and the sheriff, and there is nothing in Suter's affidavit to show that the two jurymen who saw Bryant standing on the track knew for what purpose he was there or

that he was standing at the place where Alford fell or was injured or that this was supposed to be the place. All that the proof shows is that he was standing on the track when the two jurymen were making observations. But there is nothing to contradict the sheriff when he says that the jury knew nothing about what took place between him and Bryant. The presumption is the officer did his duty and it cannot be said that the presumption is overcome by the proof here.

Judgment affirmed.