## Anderson County Bd. of Control, et al
## v. Southern R'y Co. in Kentucky

(Decided February 18, 1913.)

'Appeal from Anderson Circuit Court.

Appeal—Review—Verdict—Conflicting Evidence.—The evidence on the material issues being conflicting, the verdict will not be disturbed.

ALLEN & DUNCAN and L. W. M'KEE, for appellants.

WILLIS, TODD & BOND, for appellee.

OPINION OF THE COURT BY JUDGE LASSING.—Affirming.

The Anderson County Board of Control and the Burley Tobacco Society had stored on the second and third floors of a wareroom in Lawrenceburg, Ky., a large quantity of tobacco. A portion of the first floor of this wareroom was occupied by the Lawrenceburg Supply Company as a storage room for its empty boxes. This warehouse stood about 18 feet from the railroad track of the Southern Railway in Kentucky. A drive way, 18 or 20 feet in width, ran on one side of this warehouse and in its rear were pens used by the Lawrenceburg Supply Company for confining turkeys. There is an entrance from the turkey pens to the wareroom. About 5 o'clock on the afternoon of March 29, 1910, a fire was discovered in the room used by the Lawrenceburg Supply Company for storage purposes. The fire spread rapidly and burned the building. On the side of the warehouse next to the railroad there were a lot of windows; in the upper stories these were closed, but in the lower story the panes of glass were out of some of the sash. The Anderson County Board of Control and the Burley Tobacco Society conceiving that sparks from a passing freight engine had entered the wareroom, through these broken panes, and fallen into some excelsior, or other inflammable material, in one of the boxes stored therein, and ignited it, sued the railroad company to recover of it the value of the tobacco destroyed, upon the theory that one of its engines, which passed the wareroom a short time before the fire was started, was not equipped with a proper or suitable spark arrester, and because of this fact, the sparks which started the fire escaped therefrom. The company denied

liability.   Upon this issue, the case was submitted to a jury, which returned a verdict in favor of the defendant, and the plaintiffs appeal, and seek a reversal solely upon the ground that the verdict is flagrantly against the evidence.

The evidence shows that two engines of the appellee company, or the same engine twice, passed this wareroom on the afternoon in question before the fire, throwing out sparks.   The condition was such that a spark from these engines, in passing, may have entered a window and fallen into a box of excelsior and started the conflagration.   It is insisted for appellants that, as the warehouse was locked and no fire was in or about it for several hours before the fire started, and the witnesses testified that the engines, which had passed there a short time before the fire was discovered, were emitting large quantities of sparks, varying in size from very small ones to those as large as the ends of a man's fingers, the verdict is flagrantly against the evidence and should be reversed upon this ground.   There would be much force in the contention of counsel for appellants, if there was no evidence to the contrary.   According to the testimony of at least three witnesses, the room in which the fire started was open and could be entered, by anyone desiring to do so, from the rear of the warehouse.   At least three men are shown, by the evidence, to have been using a shed at the rear end of this warehouse, as a place for drinking beer and smoking, as late as twenty or thirty minutes before the fire started.   An open fire is shown to have been started in the driveway on the side of the building, not more than six feet from it, on the morning of the day on which the fire occurred.   The railroad's evidence showed that the engine in question was equipped with the latest and most improved spark arrester in use.   Its witnesses testify that the grade of its track, in front of this warehouse, is level, and that, when the engine passed it was not pulling hard, and was not emitting or throwing out sparks or cinders at all.

Thus, we have a conflict in the evidence on the material points which go to make appellants' case.   The conflagration may have been started by a spark from the open fire in the lot, or from a match or cigar, inadvertently dropped by some idler in the wareroom; or, as claimed, it may have been started by a spark from a passing engine.   It cannot be known, with certainty, how it

started, as there is no positive evidence upon this point. We have a case peculiarly suitable for the jury's guess. They have made it; and, giving their opinion that weight to which, under a long line of decisions, it is entitled, the judgment must be affirmed.