## Netter, By et al. v. Caldwell.

(Decided January 12, 1917.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, Second Division).

1. Appeal and Error—Refusal to Permit Deposition to be Taken—Bill of Exceptions.—A party cannot urge as error on appeal that the trial court refused to enter an order permitting him to take the deposition of his opponent as if under cross-examination, as provided by subsection 8, section 606, Civil Code, where the bill of exceptions fails to show that the court ever ruled upon the matter or was asked to do so.

2. Appeal and Error—Refusal to Permit Deposition to be Taken—When Not Error.—It is not prejudicial error that a party was not permitted to take the deposition of his opponent as if under cross-examination as provided by subsection 8, section 606, Civil Code, where the adverse party testifies at the trial, and the complaining party does not ask for a continuance of the case because of his failure to obtain his opponent's deposition in advance of the trial, or on the ground of surprise, or that the purpose of taking the deposition was necessary in preparing his defense.

3. Appeal and Error—What Not Prejudicial Error.—In an action against an automobile owner to recover damages for personal injuries alleged to have been sustained as a result of his negligent operation of his automobile, it is not error to refuse to permit the jury to be asked on their voir dire examination whether any of them were in any wise connected with a certain casualty company, in which the owner of the automobile holds a policy protecting him against loss in the use thereof, or its agents, it being apparent that the questions were not sought to be asked in good faith and their motive was to make the impression upon the jury that any damages recovered against the automobile owner would be paid by the casualty company instead of him.

O'DOHERTY & YONTS and CHAS. P. JOHNSON for appellants.

BENNETT H. YOUNG and MARION W. RIPY for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE—
Affirming.

In this action, which was instituted by the infant appellant, Alvin Netter, by his father and next friend, against the appellee, Junius Caldwell, a recovery of damages was sought by the infant for injuries alleged to have been sustained by him through the appellee's negligent operation of an automobile. The accident occurred in June, 1913, on Third street, south of York street, in the city of Louisville. It appears from the bill of evidence that as appellee, accompanied by J. T. Gathwright, was riding in his automobile north on Third street, the infant appellant, who was assisting his father in delivering vegetables to his customers, came suddenly from the pavement on the east side of Third street on his way to the west side thereof, carrying some boxes of strawberries to be delivered to a customer. In entering the street from the east side he passed between two wagons that were standing at the curbing on that side of the street, and was looking north at the time. As he moved rapidly out from between the wagons into the street he collided with or was struck by appellee's automobile, which was proceeding northward. According to the testimony of appellee and Gathwright, it does not appear that the boy was seen by them before he came in contact with the machine. There was little, if any, contrariety of evidence as to the speed of the automobile at the time of the accident, substantially the whole of it being to the effect that its rate of speed did not exceed five miles an hour; and the fact that it did not proceed more than four or five feet after the collision with the boy demonstrates that it was moving slowly. There was some contrariety of evidence as to what part of the machine came in contact with the appellant, the evidence introduced in his behalf conducing to prove that he was struck by the front of the machine, while that of appellee and his witnesses, Gathwright and Sachs, as strongly conduced to prove that he ran into the machine, striking it between the front and back seats. According to the testimony, the collision resulted in no serious or permanent injury to the appellant. His left arm and left side were considerably bruised, but no bones were broken.

The trial resulted in a verdict for the appellee; and from the judgment entered thereon, this appeal is prosecuted.

Two grounds are urged by appellant's counsel for a reversal of the judgment. (1) That the trial court erred in refusing to enter, on appellant's motion, an order requiring appellee to give his deposition "and thereby answer certain questions asked by appellant's counsel;" (2) that the court further erred in refusing to permit appellant's counsel to examine the jurors upon their *voir dire* as to whether they were stockholders, servants, agents, employes or interested in the Casualty Insurance Company of America, in which it is claimed appellee held a policy indemnifying him against any loss that might arise on account of injuries that might be caused others in operating his automobile.

Appellant is not entitled to the reversal asked on the first ground urged by him. While under subsection 8, section 606, Civil Code, he clearly had the right to take the deposition of appellee as if under cross-examination, it is not made to appear from the bill of exceptions that he was deprived of that right by any ruling of the trial court. It does, however, appear from the record that in obedience to a notice that his deposition was desired and a subpoena served upon him, appellee went to the office of appellant's counsel for the purpose of giving his deposition as demanded by the latter. After a few preliminary questions, which had no bearing upon the cause of the accident in which appellant was injured, appellee was asked certain questions by appellant's counsel, intended to elicit information as to whether he had, at the time of the accident, an indemnity policy in the Casualty Company of America, protecting him against loss in case of injury resulting to others from the use by him of his automobile, and whether the counsel making defense for appellee in this case were not the regularly retained counsel of the Casualty Company of America and employed by it to make such defense. The foregoing questions and each of them were objected to by counsel present representing appellee, and upon the advice of the latter he declined to answer them. The questions objected to and not answered are Nos. 5, 6, 7, 8, 9, 10, 11 and 12, contained in the deposition of appellee, which appears in the record. The notary's certificate to the deposition shows that upon appellee's refusal to answer these questions, the deposition was discontinued by agreement of the parties, and, further, that "the proceedings were referred to the

court for a ruling upon said objections to be presented to the court." The record fails to show that the deposition was ever presented by appellant to the trial court, or that the court was asked to rule upon the competency of the questions referred to, the objections thereto, or the refusal of appellee to answer them; nor does it appear from the record that appellant ever requested of the court the entering of an order requiring appellee to answer the questions, or any of them, or to complete the deposition. And in the absence of such a showing, appellant cannot complain that the questions were not answered, or that the deposition was not completed.

Moreover, appellant could not have been prejudiced by the refusal of appellee to answer the questions or complete the deposition, as the latter testified on the trial, and appellant did not ask a continuance of the case because of his failure to obtain appellee's deposition, or on the ground of surprise, or that the taking of the deposition was necessary in preparing his defense.

In Owensboro City Ry. Co. v. Rowland, 152 Ky. 175, it was complained by the appellant that the trial court had erred in refusing an order requiring appellee to give his deposition. In passing on this contention we said:

"The trial court manifestly erred in refusing the order appellant asked to compel appellee to give his deposition and thereby answer certain questions asked by appellant's counsel. The right of appellant to take his deposition was conferred by subsection 8, section 606, Civil Code, which provides:

" 'A party may be examined as if under cross-examination at the instance of the adverse party, either orally or by deposition as any other witness; but the party calling for such examination shall not be concluded thereby, but may rebut it by counter testimony.'

"It is not meant by this section that in order to take a deposition for use in an action at law, the witness must be of a class named in section 554, Civil Code; but it applies to the taking by either party to the action, of the deposition of the adverse party. . . . . We do not, however, agree with appellant's counsel that the error of the court in question authorizes a reversal of the judgment appealed from. It is not made to appear

that the error was prejudicial. Appellee testified on the trial, and appellant did not ask a continuance of the case on the ground of surprise or because of its failure to obtain appellee's deposition in advance of the trial; nor was it claimed that by reason of such failure it was prevented from preparing or making its defense."

Appellant's second contention possesses little merit. It does appear from the record that his counsel moved to be allowed to ask the jury panel on their *voir dire* whether they or any of them owned a policy of accident or casualty insurance in the Casualty Company of America, or whether they or any of them were stockholders, servants or employes of the Casualty Company of America, or were related or connected in anywise with Booker & Kinnard or Owen R. Mann, local agents of the Casualty Company of America in the city of Louisville. It also appears from the record that the motion as to each and all of these questions was overruled by the court, to which appellant excepted. In support of the above motions the affidavits of appellant and his counsel were filed. It is not, however, stated in either of these affidavits that the appellant or his counsel had any information to the effect that any member of the jury was in any manner connected with or interested in the Casualty Company of America. It is only stated therein that "it is possible or even highly probable" that the panel contained jurors whose relations with the insurance company mentioned, or its agents, friends, lawyers, parties or stockholders, would give cause for appellant's objecting to their serving upon the jury. It was not made to appear by either of the affidavits that appellant's counsel, at least, was not personally acquainted with the members of the jury constituting the panel, or that he did not know the occupation or business of each of them.

In view of the situation presented by the record, we are unprepared to say that the refusal of the trial court to allow the jurors to be interrogated as demanded by appellant was an abuse of discretion or prejudicial to any of his substantial rights. From the institution of the action down to the conclusion of the trial the repeated and persistent efforts of appellant to get before the court and jury the fact that appellee held a policy of indemnity insurance in the Casualty Company of America upon his automobile, protecting him against

loss in the use thereof, are conspicuously shown.  The questions asked appellee before the notary show that appellant's only motive in taking his deposition was to prove the existence of the indemnity policy.  The same purpose was manifested by his giving both to appellee and the Casualty Company of America notice to produce on the trial the policy it was claimed had been issued to appellee by that company.

We think it fairly evident that these efforts to bring to the attention of the jury the existence of the fact that such a policy was held by appellee was done to prejudice their minds by making upon them the impression that if a judgment were obtained, it would be paid by a New York insurance company rather than by appellee, a citizen of the city of Louisville, although appellant, through his counsel, well knew that he was not entitled to join the former in the suit or to recover against it therein any part of the damages claimed.  If the facts and circumstances referred to were sufficient to induce in the mind of the trial court the belief that such was appellant's motive (and we incline to the opinion that they were), it had good reason to doubt his good faith in endeavoring to inject into the case the insurance matter.  And the absence of good faith on the part of appellant justified the ruling of the court in refusing to permit the jurors to be asked on their *voir dire* the questions, the exclusion of which is complained of.

In Duncan Coal Co. v. Thompson's Admr., 157 Ky. 304, the probability of injustice resulting to the defendant in the state of case suggested is recognized and condemned.  In the opinion, it is said:

"We have recognized the propriety of such a question where counsel for plaintiff has information that the defendant has indemnity insurance, and that some member of the jury is interested in the insurance company, and the question is asked in good faith.  Dow Wire Works Co. v. Morgan, 96 S. W. 530; Owensboro Wagon Co. v. Boling, 107 S. W. 264.  This privilege, however, is not only liable to abuse, but is frequently abused.  While the question is asked ostensibly for the purpose of determining the bias or interest of the juror, in a great majority of cases the sole purpose of such a question is to bring to the attention of the jurors the fact that any verdict they may render will impose no liability on the defendant, but will be paid by some one

else. No argument is necessary to show how preju-dicial it is to the defendant to call the attention of the jury to this fact. A doubtful case may turn on the point that the real defendant will not suffer by the ver-dict. Cases should be tried on their merits. If plain-tiff have a meritorious case he should win. He should not win merely because some one other than the defend-ant will have to bear the loss. In view of the constant abuse of the privilege in question, we conclude that the question should never be asked unless asked in good faith, and the good faith of plaintiff's counsel will de-pend upon whether or not he has reasonable grounds to believe that defendant carries indemnity insurance, and that one or more of the jurors are in some way interested in the insurance company. If the question be asked, and the trial court entertains any doubt as to the good faith of plaintiff's counsel in asking the ques-tion, the court should, if asked, discharge the panel at plaintiff's cost.'' Owens v. Georgia Life Insurance Co., 165 Ky. 507.

As in this matter the court did not abuse its discre-tion, and the verdict of the jury was the only one authorized by the evidence, no reason is perceived for our holding that appellant was prejudiced by the rul-ing in question; hence the judgment is affirmed.