## Potter v. Reece.

(Decided October 28, 1927.)

## Appeal from Pike Circuit Court.

1. Boundaries.—In an action involving boundary dispute, where one of corners called for in a patent was a black rock, and there were three black rocks, held, that size and prominence alone were not determinative of which rock was meant.

2. Boundaries.—In determining lost corner in boundary dispute, courses and distances yield to a natural object only when the natural object is definitely located; and, where proof shows two or more objects which might fill the designation, that one is to be accepted which most nearly conforms to the courses and distances.

ROSCOE VANOVER for appellant.

A. F. CHILDERS for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Reversing.

In this action, A. C. Reece recovered a strip of land claimed by Isom Potter and Potter appeals. There is but one question presented by the record, and that is, "Is the disputed land included in the Isom Potter patent?" It is admitted that the Potter patent is older than the Childers patent, under which Reece is claiming. One of the corners called for in the Childers patent is a locust on a black rock. Reece insists that this black rock is also a corner of Potter's patent. In the survey of the Potter patent, the two corners on either side of the black rock called for in his patent are definitely located, and, with those corners located, there should be no difficulty in determining which black rock is the true corner of his patent. There are three different black rocks pointed out on the plat before us. The one which is a corner to the Childers patent is larger and more prominent than the others, but size and prominence alone do not establish it as a corner. In Limbert-Driskell et al. v. Dixon et al. 143 Ky. 759, 137 S. W. 768, we pointed out how a lost or disputed corner could be located.

Reece insists, however, that courses and distances must yield to natural objects, and that, therefore, Potter must fail because he (Reece) has pointed out the black rock which is his corner, and which he claims is also

Potter's corner; but in the case of Gilbert v. Parrott, 168 Ky. 599, 182 S. W. 859, we said:

"For this rule to find application, the natural object mentioned in the deed must first be definitely located; and, where there is a dispute as to the location of this natural object, and the proof shows two or more natural objects which might fill the designation, that one is to be accepted which appears to carry out the intention of the parties in making the deed and which most nearly conforms to the courses and distances, as well as conforms to the quantity of land proposed to be conveyed."

The instructions given by the court were erroneous, and, as the Potter patent is the older of the two, the instruction should have been simply this:

"If you shall find and believe from the evidence that the black rock referred to in the Walter Childers patent is the same as the black rock designated and referred to in the Potter patent, you will find for the plaintiff; but, if you shall from the evidence find and believe that the black rock called for in the Potter patent is the rock pointed out on the ground by Potter and his witnesses as being the corner of that patent, then you will find for the defendant."

The judgment is reversed, and the cause remanded for proceedings consistent with this opinion.