## Potter v. Reese.

(Decided June 9, 1931.)

E. J. PICKLESIMER for appellant.

W. K. STEELE and A. F. CHILDERS for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—
Affirming.

This is a second appeal of this case. Potter v. Reese, 221 Ky. 588, 299 S. W. 186. The single issue involved on this appeal was there stated. We held on the former appeal, as we now hold, that there is but one question presented to the court; i. e.,

"Is the disputed land included in the Isom Potter patent?" After stating the facts pertinent to this issue, we prepared and directed an instruction to be given to the jury on a subsequent trial. On a return of the case to the circuit court, the parties entered into an agreement, now a part of the record, wherein it is stipulated: "That the only issue upon which it shall be necessary to take evidence is as to whether or not any part of the tract of land embraced in the said Childers patent is embraced within the said Isom Potter patent, and this will be determined by whether or not the black rock referred to in the Walter Childer's patent is the same as the black rock designated and referred to in the Isom Potter patent. . . . The evidence shall be limited to the location of the said black rock designated in the Walter Childers patent and the Black rock referred to in the Isom Potter patent. If it should be determined that the black rock referred to and designated in the Walter Chlders patent is the same black rock referred to and designated in the Isom Potter patent, then the plaintiff is the owner of the land in dispute, but if it should be determined that the black rock called for in the Isom Potter patent is a different rock so located that a portion of the land described in the William Childers patent will be embraced within the Isom Potter patent, then the defendant, Isom Potter is the owner of the land in dispute."

In accordance to the above agreement, on the trial of the case, the parties, their counsel, and the court, directed and confined the evidence and the instruction to the jury to the single issue which the stipulation embraced. The issue submitted by the instruction is the one agreed on by the parties, and it is identical with the issue we directed in the former opinion to be submitted to the jury.

The appellee testified in his own behalf and introduced a surveyor and seven of his neighbors, who undertook to, and did in their testimony, locate the "black rock" called for in both patents of the parties. The appellant testified for himself and introduced his brother and a surveyor in his behalf. A locust standing on the top of "a black rock" was identified by the appellee and his witnesses as a corner to the lands of both appellant and appellee. The black rock located and identified by him and his witnesses is described as a "large rock known as a black rock . . . two or three hundred feet in length and from 100 to 150 feet high." It is located by them on the left-hand side of "black rock hollow, going up the hollow." The appellant claims "a black rock on the right hand of black rock hollow" as the correct corner called for in both patents, and that the "black rock" on the left-hand side of the hollow, identified by the appellee and his witnesses as the corner rock, is not the rock called for in his patent. He describes black rock hollow as a "sag." He states that when his land was surveyed for the purpose of having it patented, he was present, and that it was his intention for the patent to embrace this "sag." He says that he has claimed the rock on the right-hand side of the hill continuously since his patent was issued. He was asked if he ever heard the "black rock" on the right-hand side of "black rock hollow" called the "black rock." His response was, "I called it that and it is black. It is the contention of appellant that "black rock" is the chain of rock along the face of the entire hill, from one end of it to the other. He states that when the survey was made for the purpose of obtaining his patent, he made a call and the surveyor set the compass; that the compass was set to run the line he wanted; that the line was not run at all, that it was "guessed at," and the rock was not located by the surveyor. He testifies that after so setting the compass, and indicating the direction he wanted the line to run, thereafter he went to the rock which he claims to be his corner and marked it

with a cross-mark. He states he has never claimed the "black rock" identified by the appellee and his witnesses as the corner of the appellee's land to be the corner of his land. He states the rock which he identifies as his corner "is forty or fifty feet high; not straight up, but a large rock."

On the whole the testimony of appellant is not only indefinite but unsatisfactory. The two witnesses introduced in his behalf located his corner on the right, "going up black rock hollow." It would serve no useful purpose to detail at length the testimony of each of the witnesses introduced in behalf of the parties. The jury accepted the theory of appellee and his witnesses. It cannot be said that there is no evidence authorizing the verdict of the jury, or that it is insufficient to sustain it. The evidence is conflicting and the verdict of the jury in such case is conclusive. Sou. Ry. Co. v. Alford's Adm'r, 150 Ky. 808, 150 S. W. 985; Aetna Life Ins. Co. v. Rustin, 151 Ky. 103, 151 S. W. 366. The trial court gave to the jury the instructions prepared and directed to be given on the former appeal, and the verdict of the jury is in accordance thereto. In his brief counsel for appellant makes this statement:

"Since the first trial of this case two surveyors have gone upon the ground and surveyed each of the patents. . . . This fact (the distance of the locust to the nearest point of the black rock) was not developed on the former trial and was not before this court when it rendered its opinion and as this is a different state of facts as to what was before it when it rendered its former opinion, and is not the law of the case as to the facts now established in the record."

Counsel is correct in his statement that witnesses were introduced on the second trial who did not testify on the first, including a surveyor. But the issue was agreed on and the evidence directed by the parties to this issue. The argument that the evidence is different does not justify us in accepting his view that on account thereof the appellant should be granted a new trial, or that the law as stated in the former opinion is not the law of the case. The issue as to the overlapping of the patents, as well as the other issues, were eliminated by the agreed stipulation, and having entered into it, the

appellant cannot now complain against the action of the court in confining the evidence, and the giving to the jury the directed instruction on the agreed issue. It appears from the entire record that the appellant had a fair and impartial trial by a properly instructed jury.

The judgment is therefore affirmed.