## Gayheart et al. v. Smith.

(Decided October 20, 1931.)

WOOTTON, HELM & WOOTTON for appellants.

C. A. NOBLE and T. E. MOORE for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

The appellee, Kinney Smith, on the 30th day of March, 1930, was the owner of a one and one-half ton Chevrolet truck, 1929 model. He, Kelsay Stacy, and Andrew Smith were traveling in it in the nighttime in or near the city of Hazard, in Perry county. While in

front of the residence of G. D. Bratcher, a collision occurred between it and a taxi, claimed to have been owned by Joe Gayheart and licensed in the name of Silas B. Gayheart. At the time of the collision, Silas Gayheart, Joe Gayheart, and Gilbert Hyslop were riding in the front seat, with Lucy Combs and Thelma Schearer in the rear seat of the taxi. The chassis of the truck was broken, both brakes bent toward the center; motor and cab bursted, two casings burst, the running gear displaced, totally disabling it. The muscles of appellee's right kneecap were pulled loose, resulting in a stiff knee; his head was cut, leaving a scar. On account of his injury, he lost thirty days' time and expended for doctor's bill about $45 or $50. It is charged in the petition that he was traveling slowly in the truck on the right side of the road; that Joe Gayheart, acting as agent of Silas Gayheart, was operating the taxi on the highway at the same time, and that he recklessly and negligently operated it on the wrong side of the road, thereby colliding with and damaging his truck and injuring his person. The appellants traversed the petition, and in the second paragraph of their answer charged the appellee with negligence in the operation of his truck, and that by reason thereof the taxi was damaged in the amount of $150.

On a trial by a jury, a verdict was returned for the appellee for the sum of $700 for damages to the truck; for $30, the amount paid for license; for doctor's bill $35; for loss of time, $150; for mental and physical suffering, $1,085, total, $2,000. Judgment was accordingly entered, from which appellants appeal.

The causes assigned in appellants' motions and grounds for a new trial, and for which they sought a new trial are: (1) The admission of incompetent evidence; (2) refusing to admit competent evidence; (3) refusal to give certain offered instructions; (4) giving of instruction No. 1; (5) the verdict is not sustained by the law or evidence, and is excessive.

In brief of counsel of appellants we find this statement:

"The three main questions presented on this appeal are: First, Is the verdict rendered by the jury supported by the law and evidence? Second: Is the finding of the jury excessive and the result of passion and prejudice? Third: Did the court err in permitting incompetent evidence to go to the jury,

and in permitting appellee to prove that appellant, Silas B. Gayheart, carried indemnity insurance on his taxi?''

It will be observed that the appellants in their brief have abandoned several of the causes set up in their motion and grounds for a new trial; for this reason we shall give our attention only to those urged in the brief.

The testimony of the appellee and those traveling with him, and others who came upon the scene immediately following the collision, sustains the allegations of his pleading, and that of the appellants and those traveling with them at the time establish the truth of appellants' allegations. There is an irreconcilable conflict between the testimony of the witnesses of the parties as to the cause and the way the collision of the vehicles occurred. It was a question for the jury under appropriate instructions to determine the verity of the conflicting testimon as to this issue. Southern Ry. Co. v. Alford's Adm'r, 150 Ky. 808, 150 S. W. 985; Aetna Life Ins. Co. v. Rustin, 151 Ky. 103, 151 S. W. 366; Anderson County Board of Control v. Southern Ry. 152 Ky. 278, 153 S. W. 421; Brumfield v. Consolidated Coach Corp., 240 Ky. 1, 40 S. W. (2d) 356. The evidence being conflicting on it, it was proper to submit it to the jury. Golden v. L. & N. R. Co., 228 Ky. 134, 14 S. W. (2d) 379. This court will not reverse a judgment because a jury happened to believe one set of witnesses rather than the other. Chaney v. Commonwealth, 149 Ky. 464, 149 S. W. 923; Brumfield v. Consolidated Coach Corp., supra.

There is no contrariety of, or contradiction in, the the evidence touching the damages to appellee's truck, or the extent and nature of the injury to his person, or the amounts he expended for doctor's bill, or as to the time he lost. By his attending physician it is shown that his knee was injured and the cap fractured; the soft or pithy part of the bone was pulled loose, making a division of the bone of the kneecap into two parts; that the knee was not well at the time of the trial, and that it will never be normal; that the injury to the knee was permanent, preventing him from bringing his leg forward and impairing its motion.

The damage to appellee's truck and the injury to his person not being disputed, it was for the jury to determine on the uncontradicted testimony as to the condition, and the difference between the fair, reasonable

value of the truck immediately before and immediately after the collision; the nature, the extent, or the permanency of the injury to appellant's person, and the mental and physical suffering resulting therefrom, and the amount which should be awarded to him therefor. Bowling Green Gas Light Co. v. Dean's Ex'x, 142 Ky. 678, 134 S. W. 1115. The jury's finding as to these items and the amount of his recovery therefor cannot be disturbed by this court; there being no showing that its findings were the result of passion or prejudice. City of Oakdale v. Saunders' Ex'x, 155 Ky. 352, 159 S. W. 812; Louisville & N. R. Co. v. Mink, 179 Ky. 625, 201 S. W. 16. Even where the facts are disputed and there is a wide difference in the testimony as to the damages, it is for the jury to weigh the evidence and to determine what sum should be awarded. Beaver Dam Coal Co. v. Daniel, 227 Ky. 423, 13 S. W. (2d) 254. The testimony in respect to the injury to his knee, resulting from the collision, positively and satisfactorily shows it was a permanent one. The rule is that, when a verdict for a personal injury which is not permanent is so large that it could not be sustained unless the injury was permanent, this court may reverse on account of excessive damages. Louisville & N. R. Co. v. Lewis, 211 Ky. 830, 278 S. W. 143; Chesapeake & O. R. Co. v. McCullough, 236 Ky. 647, 33 S. W. (2d) 655. It is likewise a rule of this court that, when the injury is permanent, the verdict of the jury will not be set aside as excessive, unless the amount of damages awarded is so great as to strike the mind at first blush as having been superinduced by passion or prejudice. Nussbaum v. Caskey, 235 Ky. 640, 32 S. W. (2d) 18; City of Providence v. Young, 227 Ky. 690, 13 S. W. (2d) 1022; W. T. Grant Co. v. Taylor, 223 Ky. 812, 4 S. W. (2d) 741; Chambers v. Hawkins, 233 Ky. 211, 25 S. W. (2d) 363. We are unable to say in this case that the damages allowed were excessive within the meaning of the rules by which we are governed. Nussbaum v. Caskey, supra.

The third reason urged for reversal is the alleged error of the court in the permitting of appellee's counsel to ask Silas B. Gayheart if he carried indemnity insurance on his taxi. This presents a more interesting and serious question.

It will be observed that in neither their motion and grounds for a new trial nor in their brief do they present, or rely upon, misconduct of the appellee or of his

counsel. It is earnestly and most urgently insisted that the question, "Isn't it a fact that you have taken out liability insurance on this car in your name?" and which Silas B. Gayheart was required to answer, and which he answered in the affirmative, was incompetent evidence, and its admission was prejudicial to their substantial rights. The objection thereto is not based on the ground that the asking of it was misconduct of the appellee or his counsel. It is only insisted and urged that it was incompetent evidence, and upon this theory it is argued in support of the right to a reversal of the judgment.

We shall consider and dispose of this phase of the case according to its presentation in their brief and treat the question so presented as an objection to incompetent evidence.

The appellant Silas B. Gayheart had been previously asked by his own counsel these questions:

"Q. Who did the car belong to? A. Well, if you will let me tell you.

"Q. Who owned that car? A. I have got the bill of sale for that car.

"Q. Who owned that car? A. It belonged to Joe."

The question here objected to, and upon which appellants' motion to discharge the jury was based, was asked and answered on recross-examination of the witness by counsel of appellee touching the subject-matter, about which appellants' counsel had previously inquired of him. When asked by his counsel who owned the car, it will be observed that he answered, "It belonged to Joe." Joe Gayheart had on his examination in chief testified that he was driving the taxicab at the time the accident occurred, which, when coupled with his statement that he owned it, tended to exonerate the appellant Silas B. Gayheart of all liability to the appellee on account of the collision. The appellee was clearly within his rights in the development of evidence showing, or tending to show, that Silas B. Gayheart was in fact the owner of the car, and in this effort he was entitled to develop any fact tending to show his ownership of it and his connection with the car and his relationship to his codefendant. To bring out the facts touching the subject-matter, it was proper to inquire of this witness if there was a bill of sale evidencing the owner's title, if

the taxi was licensed, if there was a mortgage on it, and, if so, who executed it, and, if liability insurance had been taken out on it, in whose name it was taken. Such evidence plainly was competent to establish or tending to establish, not only the ownership of the car, but the relationship of Silas B. Gayheart to it, and to his codefendant, Joe Gayheart, at the time the injury occurred. We have repeatedly announced the rule to be that it is error to permit testimony to the effect that the defendant in such an action for damages was at the time of the transaction under investigation protected by indemnity insurance, and that it was a mistake on the part of counsel for a plaintiff, when not acting in good faith, to interrogate prospective jurors, or witnesses, in the case for the purpose of bringing such fact to the attention of the jury. Dow Wire Works Co. v. Morgan, 96 S. W. 530, 29 Ky. Law Rep. 854; Owensboro Wagon Co. v. Boling, 107 S. W. 264, 32 Ky. Law Rep. 816; Kentucky Wagon Mfg. Co. v. Duganics, (Ky.) 113 S. W. 128; Duncan Coal Co. v. Thompson's Adm'r, 157 Ky. 304, 162 S. W. 1139; Netter v. Caldwell, 173 Ky. 200, 190 S. W. 721; Hedger v. Davis, 236 Ky. 432, 33 S. W. (2d) 310.

It is not error in every action for damages to permit it to be developed that the defendant carried indemnity insurance at the time of the accident. Coral Ridge Clay Products Co. v. Collins, 181 Ky. 818, 205 S. W. 958; Hedger v. Davis, supra.

In the Coral Ridge Clay Products Co. v. Collins, supra, it is stated that evidence that defendant was protected by indemnity insurance was permissible to show kinship, business connection, employment, or any other fact or circumstance from which it can be reasonably concluded that the witness was biased because of his connection with the carrier of the indemnity insurance.

In Hedger v. Davis, supra, the physician of the company examined the injured party to enable the defendant to prepare his defense, and it developed that the physician of the company had gone to see the plaintiff and made a report of the examination made by him. The physician was asked: "You reported your findings?" His answer was: "I filed a copy with the insurance company, and yes sir, Mr. Page." As the question asked, being in proper form, went to the bias of the witness, it therefore was admissible on the ground that it showed bias of the witness; hence there was no basis for the conclusion that counsel of plaintiff was guilty of mis-

conduct in the matter; the court did not err in refusing to discharge the jury. Sibley v. Nason, 196 Mass. 125, 81 N. E. 887, 12 L. R. A. (N. S.) 1173, 124 Am. St. Rep. 520, 12 Ann. Cas. 938; Jessup v. Davis, 115 Neb. 1, 211 N. W. 190, 56 A. L. R. 1403. In Egner v. Curtis, T. & P. Co., 96 Neb. 18, 146 N. W. 1032, L. R. A. 1915A, 153, where it appeared that, after plaintiff was injured, a physician, unknown to, and without authority from, him, called to treat his injuries, and without authority from him treated his injuries, and without employment by the plaintiff continued to treat him for a considerable period of time. Upon the trial, plaintiff's counsel called such physician to the witness stand and attempted to show by him who employed him, it was held not a mistake on the part of counsel.

In Spoonick v. Backus-Brooks Co., 89 Minn. 359, 94 N. W. 1079, 1081, it is said:

"It is his (plaintiff's) right to first learn the facts, and he must do so to exercise intelligently his right to challenge peremptorily. . . . In order to secure to litigants unbiased and unprejudiced jurors, we are compelled to hold that plaintiff's counsel had a right to ascertain whether there was such a relationship between the persons called as jurors and the insurance company, a corporation vitally interested in the result, which would disqualify these persons, because, by implication, they would be biased and prejudiced."

The general rule laid down in the cases, supra, is that such testimony should be excluded in every action, where it does not throw any light on the issue to be tried or where it is apparent such testimony was offered for no reason other than to get a prejudice in the minds of the jury, or to induce it to find a verdict for plaintiff because defendant was "protected by indemnity insurance."

It is not intimated in the motion and grounds for a new trial, in the bill of exceptions, nor in brief that counsel of appellee was not acting in good faith when he propounded the question complained of, or that he was trying to take any undue advantage of the appellants, or to prejudice them or their cause in the minds of the jury. Errors not complained of in the motion and grounds for a new trial, nor in the bill of exceptions, can be considered by this court.

604

The question being relevant on the issue of owner-ship of the appellant Silas B. Gayheart of the taxi, it was competent. Jessup v. Davis, supra: Egner v. Curtis, T. & P. Co., supra; 1 Greenleaf on Evidence (16th Ed.) sec. 446; 5 Chamberlain on Evidence, secs. 3752, 3753.

The appellee was entitled to ask it and to have it answered, even if it tended to prejudice the appellants with the jury. Its competency was the first and controlling consideration to be given it on objection thereto by the appellants.

Perceiving no error prejudicial to the substantial rights of the appellants, the judgment is affirmed.