Grover G. SALES, Executor of the Estate of Alfred M. Sales, deceased, Appellant,

v.

John R. BRADLEY et al., Appellees.

Court of Appeals of Kentucky.

Feb. 9, 1962.

Rehearing Denied May 18, 1962.

Morris & Garlove, Charles W. Morris, Irwin G. Waterman, Louisville, for appellant.

R. C. Hobson, John P. Sandidge, Kent McElwain, Louisville, for appellees.

CLAY, Commissioner.

Alfred Sales, an elderly gentleman, was injured when he fell at the bottom of a flight of stairs in a building owned by two of the defendants and leased for business purposes by the other. In this suit for damages the trial court directed a verdict for the owners and a jury returned a verdict for the lessee.

The stairway consisted of 12 wooden steps. The risers on the first 11 steps from the top are eight inches in height, the last, or bottom one, being four inches. It is difficult to determine from Mr. Sales' testimony what caused his fall but the claim seems to be that the difference in the height of the last step somehow threw him off balance. The condition was open, obvious and adequately lighted. We may assume Mr. Sales was an invitee.

The jury was instructed it was the duty of defendant Bradley to exercise ordinary care to keep and maintain the stairway in a reasonably safe condition, and it was the duty of Sales to use ordinary care for his own safety. Appellant's principal conten-

tion is that the instructions concerning the defendant's duties should have included a *duty to warn* Mr. Sales of the dangerous condition of the steps.

It is extremely doubtful appellant proved such a dangerous condition as would create liability for negligence. See Terry v. Timberlake, Ky., 348 S.W.2d 919. However, assuming it was proper to submit this case to the jury, the instructions properly imposed upon defendant the duty of maintaining the stairway in a reasonably safe condition. This is the basic duty to an invitee, and if it was breached, defendant was liable (assuming Mr. Sales was not contributorily negligent). If it was not breached, there was nothing to warn about.

The duty to warn normally arises when the owner of land is *not* required to keep his premises reasonably safe. These respective duties are alternate, not concurrent. See Restatement, Torts (Negligence), Section 343 (page 939). (Which of the two may be invoked apparently depends upon whether the injured person is an *invitee* or a *licensee*.) In any event there is no duty to warn unless the condition constitutes a hidden danger, trap, or pitfall which the owner has reason to believe will cause injury unless a warning is given. 38 Am.Jur., Negligence, Section 106 (page 769). We have no such condition here.

Even if we assumed this stairway constituted a hazard, it is universally recognized that there is no duty to warn when the defect or danger is obvious or should be observed by the injured person in the exercise of ordinary care. 65 C.J.S. Negligence § 50, page 541; Leslie Four Coal Company v. Simpson, Ky., 333 S.W.2d 498. For the several reasons given above, we can find no basis for including in the instructions a duty to warn about the obvious condition of the stairway.

It is unnecessary to consider the possible liability of the owners of the building. The claim against them was based on the same issue of negligence and since the jury found against appellant on his claim against the defendant lessee, it could not have found liability on the part of the owners under the particular facts of this case.

Appellant further contends the court erred in denying him the right to prove the defendant owners of the building carried liability insurance. It is argued this evidence constituted proof the owners exercised *control* over the part of the premises where the accident happened. While it is true that evidence of this nature may be admissible to prove *ownership* of property (Gayheart v. Smith, 240 Ky. 596, 42 S.W. 2d 877), it is clearly not relevant on the issue here involved. Since the insurance covered the entire building and was a contract of indemnity, its existence had no tendency to prove the owners exercised dominion over any particular part of the premises. This evidence was properly excluded.

The judgment is affirmed.