NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0405n.06
Filed: June 18, 2007

06-6129

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| LINDA BOOTH, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR THE |
| | ) | WESTERN DISTRICT OF KENTUCKY |
| WAL-MART STORES EAST, L.P., | ) | |
| | ) | |
| Defendant-Appellee. | ) | |

Before: RYAN, DAUGHTREY, and ROGERS, Circuit Judges.

**PER CURIAM.** The plaintiff, Linda Booth, appeals *pro se* from the district court's grant of summary judgment to the defendant, Wal-Mart Stores East L.P., on the plaintiff's claim that Wal-Mart was negligent in allowing a "child seat cart attachment" to be left in a store area where Booth tripped over it, fell, and sustained various injuries. On appeal, the plaintiff challenges (1) her lack of opportunity to testify before the district judge prior to the entry of judgment, (2) the district court's ruling that Wal-Mart was not negligent, and (3) the adequacy of the representation she received from her trial attorney. We find no reversible error in the record and affirm.

## <u>FACTUAL AND PROCEDURAL BACKGROUND</u>[1]

The record reflects that this case arose from injuries that Linda Booth suffered from a fall in a Louisville Wal-Mart store.  She was there with her daughter and grandson in order to purchase luncheon meats at the deli counter.  Booth had previously shopped at the Wal-Mart store on numerous occasions and was on friendly speaking terms with a number of the employees working behind the counter.  Thus, while the plaintiff's daughter and grandchild moved to the end of the counter in order to taste various food samples, Linda Booth exchanged pleasantries with the Wal-Mart workers.  When one of the individuals filling Booth's order asked the plaintiff how she would like the ordered meat sliced, Booth turned to her right and tripped over the protruding base of a child seat attachment for a shopping cart that had been left there by another customer just a few minutes earlier.

Two Wal-Mart employees submitted affidavits stating that this second customer had approached the deli counter with a small child after the plaintiff had already placed her order.  The child "was playing with a child seat cart attachment," thus prompting the child's mother to remove the seat attachment from the shopping cart and leave "the area . . . but abandon[ ] the child seat cart attachment."  According to the affiants, the cart attachment, which resembled a bench on a wheeled platform onto which a regular shopping cart could

---

[1]Neither party has filed a joint appendix with this court.  The factual background for the appeal is thus taken from information in the complaint, affidavits filed with the district court, answers to interrogatories, and the district court's memorandum opinion.

also be attached, "could not have been abandoned by the customer more than a minute or so before" Booth tripped and fell over it.

When she fell, the plaintiff "suffered injuries to her mouth, teeth, right shoulder (rotator cuff tear), right knee, requiring surgery, abrasions and cuts on both feet and a severely bruised tailbone." Although the plaintiff had not tallied the medical expenses that had been incurred nor the wages that had been lost as a result of the fall, she calculated that she was entitled to $200,000 for "[p]ast, present and future pain and suffering." When Wal-Mart refused to accede to her claims, Booth filed suit in Kentucky state court, alleging that the plaintiff's fall was occasioned by the defendant's negligence in causing "an unreasonably dangerous condition with respect to its business invitees." Linda Booth's husband, Ernest, further claimed a loss of consortium as a direct and proximate result of his wife's injuries.

Relying on the complete diversity of citizenship of the parties, Wal-Mart removed the matter to federal court and eventually filed a motion for summary judgment in its favor. At the conclusion of a reasonable discovery period, the district court granted the defendant's motion, concluding that the abandoned cart attachment constituted an open and obvious hazard of which Booth should have been aware. Consequently, ruled the court, Wal-Mart had no "legal duty to protect an invitee from an imminent accident of h[er] own causing." The district court thus dismissed the plaintiff's complaint with prejudice.

## **DISCUSSION**

### 1. **Lack of Opportunity to Testify**

In her *pro se* brief, Booth first contends that she has been prejudiced because she "was not given the opportunity to state the facts before the court." The plaintiff's complaint was, however, dismissed at the summary judgment stage prior to trial. Consequently, there was no evidentiary hearing in this case and, thus, no opportunity to present live testimony. Moreover, Booth was deposed during the discovery process and, in her deposition testimony, was afforded the opportunity to explain both her version of the facts and her reasons why she believed she was entitled to monetary damages from the defendant.

### 2. **Allegations of Defendant's Negligence**

The district court could properly grant summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). A genuine issue of material fact exists only when, assuming the truth of the non-moving party's evidence and construing all inferences from that evidence in the light most favorable to the non-moving party, there is sufficient evidence for a trier of fact to find for that party. A non-moving party cannot withstand summary judgment, however, by introduction of a "mere scintilla" of

evidence in its favor. *See Ciminillo v. Streicher*, 434 F.3d 461, 464 (6th Cir. 2006). In this case, the district court assumed the truth of all facts alleged by Linda Booth but still concluded that, as a matter of law, the plaintiff could not recover from Wal-Mart on a theory of negligence because the defendant owed no duty to Booth to protect her from, or warn her of, an open and obvious hazard.

In exercising diversity jurisdiction, the district court was required to "apply state law in accordance with the then controlling decision of the highest state court." *Bailey Farms, Inc. v. NOR-AM Chem. Co.*, 27 F.3d 188, 191 (6th Cir. 1994). Under common-law tort principles recognized in the Commonwealth of Kentucky:

> [A] business owner has an affirmative duty to exercise reasonable care to inspect for hazardous conditions. The occupier must not only use care not to injure the visitor by negligent activities, and warn him of hidden dangers known to the occupier, but he must also act reasonably to inspect the premises to discover possible dangerous conditions of which he does not know, and take reasonable precautions to protect the invitee from dangers which are foreseeable from the arrangement or use of the property.

*Lanier v. Wal-Mart Stores, Inc.*, 99 S.W.3d 431, 433 (Ky. 2003). A store owner does not, however, become "an insurer against all accidents on the premises. The proprietor is guilty of negligence only if he fails to use reasonable care under the circumstances to discover the foreseeable dangerous condition and to correct it or to warn customers of its existence." *Id.* at 437. Exercise of such reasonable care, however, "does not ordinarily require precaution or even warning against dangers that are known to the visitor or so obvious to him that he may be expected to discover them." *Bonn v. Sears, Roebuck & Co.*,

440 S.W.2d 526, 528 (Ky. 1969). In other words, "a possessor of business premises is not liable for injuries suffered by another person due to an open and obvious condition on the premises." *Johnson v. Lone Star Steakhouse & Saloon of Kentucky, Inc.*, 997 S.W.2d 490, 492 (Ky. App. 1999) (citing *Corbin Motor Lodge v. Combs*, 740 S.W.2d 944, 946 (Ky. 1987)).

In this case, the district judge determined that the danger of which Linda Booth complains was both open and obvious and thus would be recognized by a person "exercising ordinary perception, intelligence, and judgment." *Bonn*, 440 S.W.2d at 529 (citing Restatement (Second) of Torts § 343A cmt. b (1965)). Booth contends, however, that the danger posed by the cart attachment should not have been considered "obvious" because she had no real opportunity to see and avoid the object as she turned around at the deli counter. But, as the Restatement provides, a risk can be considered "obvious" simply "because the risk is inherent in the nature of the activity itself." Restatement (Second) of Torts § 343A cmt. c (1965). To insist that stray shopping carts will not be found in the aisles of a supermarket or large retail store like Wal-Mart is to ignore common sense and experience.[2] The presence of such a large object in the defendant's store, even if not seen initially by the plaintiff, must, therefore, be considered an open and obvious hazard. Moreover, because such hazards are routinely left, both temporarily and more

---

[2]Indeed, Linda Booth herself admitted in her deposition (a deposition that apparently was not placed before the district court, even though the defendant cites to it in its appellate brief), "I have moved many a basket[ ] around – out of my way in that store." Deposition of Linda Booth, February 24, 2006, p. 85.

permanently, by customers in the aisles and other portions of stores, the defendant cannot be faulted for not immediately removing the abandoned cart attachment from area around the deli counter.

In short, the accident suffered by Booth was unfortunate, costly, inconvenient, and painful. Nevertheless, under established Kentucky tort principles, Wal-Mart had no duty to remove an obvious hazard when, according to uncontradicted evidence, the offending apparatus was left in an open area of the store no more "than a minute or so before the accident." The district court thus did not err in determining that Wal-Mart was not negligent in this instance.

### 3. Allegation of Error by Counsel

Finally, the plaintiff also insists that her legal counsel did not provide adequate representation because "he did not give me the opportunity to speak before the judge and I was not notified of hearing proceedings until they had already been conducted." Claims of legal malpractice do not, however, alter the fact that the defendant was not legally liable to the plaintiff in negligence. Moreover, there are other, more appropriate alternatives for the airing of grievances against her legal counsel.

### CONCLUSION

For the reasons set out above, we conclude that the district court properly held that the cart in question constituted an obvious risk, such that the defendant had no legal duty

to warn Booth of its existence or to remove the hazard from the area immediately. Summary judgment in favor of the defendant was thus properly entered in this case. As also noted, Booth's other allegations of error are without merit or are better addressed in other contexts. We therefore AFFIRM the judgment of the district court.