58 N.J. Super. 222 (1959)
156 A.2d 42
LEONA NARY AND CHARLES NARY, PLAINTIFFS-RESPONDENTS,
v.
THE PARKING AUTHORITY OF THE TOWN OF DOVER, N.J., ETC., DEFENDANT-APPELLANT AND THIRD PARTY PLAINTIFF,
v.
FREDOLF THORSON, ET AL., ETC., THIRD PARTY DEFENDANTS.
Superior Court of New Jersey, Appellate Division.
Argued November 9, 1959.
Decided November 25, 1959.
*224 Before Judges GOLDMANN, FREUND and HANEMAN.
Mr. Alten W. Read argued the cause for appellant, The Parking Authority (Messrs. Schenck, Smith & King, attorneys).
Mr. Charles A. Sweeney argued the cause for respondents (Messrs. James & Wycoff, attorneys).
The opinion of the court was delivered by HANEMAN, J.A.D.
Defendant Parking Authority of the Township of Dover appeals from a final judgment of the Law Division in favor of plaintiffs Leona and Charles Nary, husband and wife. A voluntary dismissal was entered as to third-party defendants.
Defendant operates a public parking lot adjacent to the railroad station of the Delaware, Lackawanna & Western Railroad in Dover. It acquired title to the lot in 1956 or 1957. A few weeks prior to June 25, 1957, the date of the accident about to be described, work was begun on resurfacing the lot, marking out parking spaces, installing parking meters and bumper blocks. This work was completed some time *225 between June 14 and June 25, 1957. On June 25, 1957, at about 5:00 P.M., plaintiff Leona Nary entered defendant's lot in a car driven by a Mr. Baumann. She had accompanied Mrs. Baumann, who was interested in going into the station to get some railroad tickets. She and Mrs. Baumann got out of the car some two or three spaces to the left of the main door and walked toward the entrance, talking as they went along. Mr. Baumann then proceeded to park his car in one of the parking spaces delineated by white lines in a position perpendicular to the front of the railroad station. While he was doing so, plaintiff injured herself by tripping over a timber bumper block located across the front of the parking space extending the length of the station building. The bumper block was intended to protect the meters from damage by vehicles. The bumper block was painted white, and plaintiff testified that she mistook it for just another white line and so did not step over it. It was a clear, bright and sunny day. She further testified that on a recent visit to the parking lot with Mrs. Baumann there had been no bumper block there, but there was a white line.
The jury returned a verdict in favor of plaintiffs. The Parking Authority thereupon appealed to this court.

I.
Defendant contends that plaintiff was a trespasser on the parking lot at the time of the accident because Mr. Baumann never put a coin in the parking meter and therefore the only duty owed to plaintiff was to refrain from willfully injuring her. Although it is certain that parking meters had been installed at the time of the accident, and that an operator of a vehicle was required to pay a fee in order to park lawfully in the lot, plaintiff, nevertheless, was not a trespasser; she was an invitee. Jackson v. Pike, 87 So.2d 410 (Fla. Sup. Ct. 1954); Heath v. Keyser, 74 Cal. App.2d 877, 169 P.2d 668 (Cal. D. Ct. App. 1946); and cf. Goldsmith v. Cody, 351 Mich. 380, 88 N.W.2d 268 (Sup. *226 Ct. 1958); Bollinger v. Gotham Garage, 155 F.2d 326 (2 Cir. 1946); DeSota Auto Hotel, Inc. v. McDonough, 219 F.2d 253 (6 Cir. 1955).
In DeSota, the court said:
"It is not necessary in order for a person to be a business invitee that he be expressly invited to come upon the premises for the purpose of doing business with the owner. An invitation is implied when the owner, by acts or conduct leads another to the belief that the use of the premises is in accordance with the design for which the place was adapted and allowed to be used in mutuality of interest. American National Bank v. Wolfe, [22 Tenn. App. 642, 125 S.W.2d 193]; Garis v. Eberling, 18 Tenn. App. 1, 71 S.W.2d 215. The visit may be for the convenience or arise out of the necessities of others who are themselves upon the premises for such a purpose. Restatement, Torts, sec. 332(d). In our opinion, the plaintiff, who accompanied the owner of the stored car for the purpose of becoming a passenger in the car with the owner, was entitled to the same status as the owner. Kelley v. Goldberg, 288 Mass. 79, 192 N.E. 513; Bowers v. City Bank Farmers Trust Co., 282 N.Y. 442, 26 N.E.2d 970; Donohue v. Erie County Savings Bank, 285 N.Y. 24, 32 N.E.2d 777." (219 F.2d at page 255.)
Courts may take judicial notice of facts of common knowledge relating to the usual method of transacting a business. Westerdale v. Kaiser-Frazer Corp., 6 N.J. 571, 574 (1951). It is common knowledge that the proprietors of parking lots invite both the operators and the passengers of motor vehicles onto their premises for the purposes of parking said vehicles for a fee, and alighting therefrom. Cf. Murphy v. Kelly, 15 N.J. 608, 612 (1954), where it was said that:
"It is not necessary that the visitor himself should be upon the land for the purpose of the defendant's business, as the visit may be for the convenience or arise out of the necessities of others who are themselves upon the land for such a purpose."
Both Mr. Baumann, as operator of the automobile, and plaintiff, as his passenger, clearly entered defendant's premises at its invitation, and
"It is well settled in New Jersey that the owner or occupier of lands who induces a person to come upon the premises by express *227 or implied invitation is under a duty to exercise ordinary care to render the premises reasonably safe for the purposes embraced in the invitation."
Harrison v. Blueberry Hill, 255 F.2d 730, 734 (3 Cir. 1958); Gudnestad v. Seaboard Coal Dock Co., 15 N.J. 210 (1954). See also 2 Harper and James, The Law of Torts, § 27.12 (1956); Prosser on Torts, pp. 638 and 640 (1955).
After alighting from the car, plaintiff had no knowledge of or control over whether or not Mr. Baumann would put a coin in the parking meter. Significantly, he was still parking the automobile when he became aware of plaintiff's mishap, and he immediately got out of the car to help her. Whether the operator has or has not inserted a coin in a parking meter should not be absolutely determinative of the rights of a passenger who enters the premises with the owner's consent and who is injured after leaving the vehicle but before the operator has finished parking the vehicle. Furthermore, the jury reasonably could have concluded that Mr. Baumann would have inserted the necessary fee in the parking meter as soon as he had finished parking and had seen the meter. The meters had just been installed. As he testified, "If they had been installed I presume I would have put a nickel in." It was only natural that Mr. Baumann, who had parked on the lot many times before the installation of the meters, would not look for them, i.e., it is understandable that he would not have noticed them until he was finished parking.
One other matter merits attention. The Parking Authority Act under which defendant was organized, N.J.S.A. 40:11A-1 et seq. authorizes a parking authority to fix and collect rates for the use of its facilities. N.J.S.A. 40:11A-6(f). There is nothing in the record to show that defendant parking authority had, as of the date of the accident, fixed any rates or, indeed, that the parking meters so recently installed were in operation. In short, there is nothing to show that any parking fee was required of Mr. Baumann on June 25, 1957.

*228 II.
Defendant was thus under a duty to exercise ordinary care to render the premises reasonably safe for the purposes embraced in plaintiff's invitation, and, where there is a dispute as to whether or not there has been an observance of that standard of care, "`the question is one for the fact-finding authority; * * * [i.e.], whether in the circumstances they rendered performance of that duty was a question of fact for the jury.'" (Emphasis supplied.) Gudnestad v. Seaboard Coal Dock Co., supra, 15 N.J. at page 221, quoting Niles v. Phillips Express Co., 118 N.J.L. 455 (E. & A. 1937).
The jury's finding of liability was not arbitrary or unreasonable, and could be based on the following facts: The bumper blocks were made of 4 x 6 timbers and their installation was not yet properly completed because they were not mounted on 2 x 6 risers or fastened down with 26 inch spikes; the bumper blocks were freshly painted the same color as the white lines of the parking lot, and were located on top of a white line that had previously been observed by plaintiff; the bumper block was located immediately in front of the entrance door of the station; there were no openings or walkways through the bumper, except near the ends of the station building; there was no fence erected over or behind the bumper block to keep people from attempting to cross it, although fences had been erected on other portions of defendant's property; and there were no signs directing pedestrians where to go to find unimpeded access to the station building.

III.
The liability of a property owner to an invitee is circumscribed by his invitation and does not extend to injuries incurred on a part of the premises not within the limits of the invitation. Wright v. General Ceramics Co., 120 N.J.L. 33 (Sup. Ct. 1938); Guse v. Martin, 96 N.J. *229 L. 262 (E. & A. 1921). That invitation, however, includes those parts of the premises to which the invitee reasonably may be expected to go. 38 Am. Jur., Negligence, § 100 (1941); 65 C.J.S. Negligence § 48 (1950); Roy v. Amoskeag Fabrics, Inc., 93 N.H. 324, 41 A.2d 607 (N.H. Sup. Ct. 1945). In the light of the facts presented in the case sub judice, the jury could reasonably conclude that the defendant should have anticipated that people parking on the lot and desiring to enter the railroad station would take the shortest and most direct route to the nearest doorway of the station, and such a course necessitated a crossing of the bumper block. Plaintiff, therefore, did not exceed the bounds of any expressed or implied invitation.
Affirmed.