**H. E. BUTT GROCERY COMPANY,**
**Appellant,**

v.

**W. K. BRADFIELD et ux., Appellees.**

**No. 14418.**

Court of Civil Appeals of Texas.

San Antonio.

Nov. 10, 1965.

Groce, Hebdon, Fahey & Smith, Ray A. Weed, San Antonio, for appellant.

Matthews, Nowlin, Macfarlane & Barrett, San Antonio, for appellees.

MURRAY, Chief Justice.

Mr. and Mrs. W. K. Bradfield, plaintiffs below, brought this suit against H. E. Butt Grocery Company, a corporation, in Bexar

County, Texas, to recover damages in the sum of $10,000.00 for injuries sustained by Mrs. Bradfield when she fell on defendant's parking lot while a patron of the defendant's business located at 311 West Avenue, San Antonio, Texas, known as the Texas Gold Center. Appellant timely filed its plea of privilege alleging that its residence and principal place of business was in Nueces County, Texas, and asking that the case be transferred to that county. Plaintiffs filed their controverting affidavit, alleging that by reason of subdivisions 9a and 23 of Article 1995, Vernon's Ann.Civ.Stats., venue was properly maintainable in Bexar County. On a hearing at which evidence was introduced, the trial court overruled appellant's plea of privilege, and H. E. Butt Grocery Company has prosecuted this appeal.

■ Appellant contends that there was no evidence, or in any event insufficient evidence, of negligence on the part of appellant to justify retention of venue in Bexar County. This is a slip and fall case. Mrs. W. K. Bradfield went to the Texas Gold Center, accompanied by her daughter, Mrs. Charles R. Goodman, intending to exchange some Texas Gold stamps for a present for her granddaughter. Mrs. Bradfield and her daughter parked their car in the parking lot furnished by Texas Gold Center for its customers, and entered the store through the door at the north side of the building, which was the only entrance and exit for the store. After leaving the car they walked across the parking lot, stepped up on the sidewalk and at once entered the door. Neither Mrs. Bradfield nor her daughter noticed the ridge of asphalt some eighteen inches wide, about three feet long and two and one-half inches high where it joined the curb. This ridge of asphalt was at the corner where the sidewalk on the north side of the building joined the sidewalk on the west side. They went into the store, remained about thirty minutes, then came out of the door and proceeded across the sidewalk, and when Mrs. Bradfield walked off the curb she stepped on the ridge of asphalt, and fell and injured herself. She stated she could not see the ridge of asphalt because it was the same color as the rest of the pavement in the parking lot.

This ridge of asphalt had been the same place and in the same condition for several years, and was undoubtedly well known to appellant. In fact, there is no contention to the contrary. There was no oil or other foreign substance on the ridge, but there were small pellets of asphalt which could cause a person to slip, especially if she stepped on the edge of the ridge. The question here raised is whether or not appellant was negligent in maintaining its premises with this ridge of asphalt placed next to the curb and extending about three feet out into the parking lot area, where it was likely to be stepped on by invitees coming to and leaving the store. The trial court overruled appellant's plea of privilege, thereby impliedly finding that the asphalt ridge was dangerous and that appellant owed Mrs. Bradfield the duty to either warn her of the danger of stepping on the ridge, or to remove the ridge so as to make its premises reasonably safe for its invitees. The evidence shows that Mrs. Bradfield did not know of the existence of this ridge of asphalt, nor was she charged by law with the knowledge of its existence, having passed that way only one time previously. This was the first time she had visited the Texas Gold Center, and while she might have seen the asphalt ridge as she entered the store, there is no evidence that she did see it, and the fact that she had passed near it one time in going into the store does not establish the fact, as a matter of law, that she knew the ridge was there, and that it was not safe to step on it. The question is not whether a reasonably prudent person, situated as was Mrs. Bradfield, should have seen and realized the existence of the danger of the asphalt ridge when stepped on, but the question is, did she have knowledge of the ridge and its dangers. The trial judge impliedly found that she did not have such knowledge, and we are unable to here say, as a matter of law, that she did.

Appellant contends that it was not guilty of negligence, in that it owed appellee "no duty" to warn her of the existence of the asphalt ridge or of the danger in stepping upon it, because it was open and obvious. In passing on the doctrine of "open and obvious" or "no duty," the question is not whether Mrs. Bradfield should have known and should have appreciated, but did she know and did she appreciate the danger, or was she charged as a matter of law with such knowledge and appreciation. The trial court found in favor of Mrs. Bradfield, and we are not able from the record before us to say that Mrs. Bradfield did know the danger caused by the asphalt ridge and did appreciate the danger of stepping off the sidewalk onto the asphalt ridge, nor can we charge her with such knowledge and appreciation as a matter of law. Therefore, we cannot say that appellant owed "no duty" to Mrs. Bradfield with reference to the asphalt ridge. Halepeska v. Callihan Interests, Inc., 371 S.W.2d 368 (Tex.1963).

We are not here passing on whether or not Mrs. Bradfield was contributorily negligent, that question can only arise when the case is tried on its merits. The judgment is affirmed.