**Stephen F. BONN, Appellant,**

v.

**SEARS, ROEBUCK & COMPANY, Appellee.**

Court of Appeals of Kentucky.

March 7, 1969.

Rehearing Denied June 6, 1969.

 

John Tim McCall, Louisville, for appellant.

Robert C. Hobson, Woodward, Hobson & Fulton, Louisville, for appellee.

REED, Judge.

Plaintiff-appellant, Stephen F. Bonn, sued defendant-appellee, Sears, Roebuck & Company (hereinafter called Sears), for personal injuries sustained by a fall into a grease pit in an automobile service station operated by Sears. Sears moved for a summary judgment in its favor. Considered on the motion were the plaintiff's deposition taken by the defendant for discovery purposes, and an affidavit of plaintiff's brother who was with him when he fell. The trial court sustained Sears' motion for a summary judgment on the ground that plaintiff was shown to have been contributorily negligent as a matter of law. The plaintiff appeals.

The service station was located within a large parking lot to the rear of the main Sears store. It consisted of a large service room with space to accommodate six cars, and a smaller sales room which was at the north end of the building. A partition with a door in it separated the salesroom from the service room. In the service room there were three parallel grease pits, each one running east and west. Each one was long enough to accommodate two cars (one in front of the other), but the middle area of each pit was closed over to constitute a walking space between the two cars. Each pit had a raised rim three inches in height extending around its perimeter, and the surface of the middle walking space across each pit was level with the top of the rim.

At the time of the accident, a car was parked over the western end of the northernmost pit (the one closest to the sales room) but the front of the car did not completely cover the pit opening—there were perhaps eighteen inches of open space between the front bumper and the walking space across the pit. The affidavit of

plaintiff's brother states the distance was between one and four feet. This affidavit also indicates there were one or more cars over the next pit to the south.

The accident occurred around noon on a clear day late in May. The main vehicle doors of the service room were open and there was ample light.

On the day of the accident, plaintiff, accompanied by his brother, had made arrangements in the main service store for the purchase of a car battery for use in a boat. He was directed to the service station to pick up the battery. He went to the station and entered the salesroom where he gave his sales receipt to a clerk. The latter then told him that to obtain the battery he would have to go out in the service room and see the foreman. Plaintiff and his brother entered the service station through the partition door and, confronting the car parked over the grease pit, turned to the left and walked to the front of the car. Plaintiff testified that he walked from sort of the center of the car and down. He said he and his brother walked straight, and angled toward the front of the car to try to make their way farther on down the building. Plaintiff said he fell in the pit when he was rounding the corner of the car—rounding right around the headlight. When asked if he walked beside the car any distance, plaintiff stated that it took him maybe two steps to walk from the side door of the car to the front of it. He testified that he and his brother took a left about-face and sort of angled in the direction of the front of the car. Plaintiff frankly admitted that he could have seen the pit had he been looking down. He explained his failure so to look by reason of the fact that he was concentrating on looking around for the foreman. Plaintiff apparently had never been in this service room before, but his place of employment was in a building nearby and he admitted that he knew the place was an automobile service station, and further admitted a knowledge that garages have grease pits. He was a graduate of Speed Scientific School and was presently employed by the United States Corps of Engineers writing specifications for government contracts. Plaintiff admitted stating after the accident to an employee of Sears that he just wasn't looking where he was going. His exact testimony as to this point is as follows:

"Q 228. Mr. Bonn, let me ask you while I am looking here, do you remember saying to this fellow that helped you out under the pit, 'I just wasn't looking where I was going.'?

A. Yeah.

Q 229. That is true?

A. Well, I would say at the time I said that—I was—I guess I was just trying to be jovial about the whole thing. I was kind of embarrassed about falling into the hole, I guess.

Q 230. Naturally. But you did say that to him?

A. Yes."

Plaintiff's eyesight was poor and he was wearing glasses on the occasion of the accident.

The issue to which the parties direct most of their discussion on this appeal is whether plaintiff was contributorily negligent as a matter of law. We think that more properly the issue should be addressed to whether or not Sears was negligent.

■ A possessor of business premises is not liable to his invitees for physical harm caused to them by any condition on the premises whose danger is known or obvious to them unless the possessor should anticipate the harm despite such knowledge or obviousness.

■ Reasonable care on the part of the possessor of business premises does not ordinarily require precaution or even warning against dangers that are known to the visitor or so obvious to him that he may be expected to discover them.

In the instant case, Sears' activities involved a risk that was known or obvious to those who entered the premises, because the risk was inherent in the nature of the activity itself. In determining the extent of preparation that a business visitor is entitled to expect to be made for his protection, the nature of the premises and the purposes for which it is used are of great importance. It has been pointed out that one who goes on business to the executive offices in a factory is entitled to expect that the possessor will exercise reasonable care to secure his visitor's safety. If, however, on some particular occasion he is invited to go on business into the factory itself, he is not entitled to expect that special preparation will be made for his safety, but is entitled to expect only such safety as he would find in a properly conducted factory.

In the rule stated above, the term "obvious" means that both the condition and the risk are apparent to and would be recognized by a reasonable man in the position of the visitor exercising ordinary perception, intelligence and judgment. See Restatement of the Law of Torts, 2d, Sections 343 and 343 A., together with the reporter's comments following the sections cited. See also Prosser on Torts, 3d Ed. (1964) Sec. 61, pp. 402–405.

In the instant case, Sears could not be considered negligent in merely having grease pits in its service station, because such pits are perfectly legitimate and normal facilities of service station operations; nor could it be reasonably considered that Sears was negligent in not having guardrails around the pits (when occupied by the cars), because it is a matter of common knowledge that service operations on an automobile could not conveniently be carried on with a guardrail surrounding the automobile. The plaintiff admitted knowledge of both the activity (an automobile service station) and the condition (grease pits). The grease pit was a usual and necessary condition to the carrying on of the business. It was neither unusual nor hidden. It was well lighted. It was open and obvious. Therefore, it is our conclusion that so far as this plaintiff is concerned, Sears breached no duty owed to him which was causative of the harm he suffered. Cf. J. C. Penney Co. v. Mayes, Ky., 255 S.W.2d 639; Pease v. Nichols, Ky., 316 S.W.2d 849; Sales v. Bradley, Ky., 356 S.W.2d 588; O. K. Tire Store No. 3, Inc. v. Stovall, Ky., 392 S.W.2d 43; Hannin v. Driver, Ky., 394 S.W.2d 750.

It is unnecessary to consider plaintiff's contributory negligence as such, since we have concluded that Sears is not negligent. In some instances where the possessor owes the invitee a duty to warn and violates that duty, the cause of the harm is not the plaintiff's conduct which is excusable, it is rather the failure to warn. In other instances where the possessor has a duty to warn and violates it, the element of contributory negligence still may not be present where the plaintiff's conduct is not excusable such as where he knows of the danger and deliberately encounters it. The cause of the harm is the plaintiff's conduct and not the defendant's breach of duty. It is a matter of causation.

Plaintiff complains of a ruling of the trial court refusing to order Sears to answer an interrogatory submitted by plaintiff asking for a description of any prior accidents in question involving persons falling into any of the grease pits in the Sears Service Station, and the names and addresses of any such persons who fell and the dates of any such accidents.

In view of our conclusion that there is no genuine issue as to any material fact concerning Sears' negligence to this plaintiff under the proven undisputed conditions here, then it follows that Sears is not subject to liability to the plaintiff. Hence, the error, if any, by the trial court, so far as the discovery procedure involved is concerned, could not have been prejudicial to the plaintiff.

We are aware that caution should be exercised in granting summary judgment in negligence cases, because determination of the issue of fact involved in these cases depends upon the application of the standard of care of an ordinarily prudent individual. The facts and circumstances of individual cases affect the extent of care to be expected from the parties involved. Nevertheless, in the instant case, the defendant's motion for summary judgment made a conclusive showing of non-liability upon undisputed facts. The plaintiff failed to show there would be evidence upon the trial to create a genuine issue of any fact concerning the issue of defendant's liability. Therefore, the summary judgment in defendant's favor was proper. Cf. Gullett v. McCormick, Ky., 421 S.W.2d 352.

The judgment is affirmed.

All concur.