Mary CANTRELL and Ivo Cantrell, Appellants,

v.

HARDIN HOSPITAL MANAGEMENT CORPORATION, et al., Appellees.

Court of Appeals of Kentucky.

Oct. 30, 1970.

Robert C. Carter, Carter & Donoghoe, Louisville, for appellants.

William O. Guethlein, William P. Swain, Boehl, Stopher, Graves & Deindoerfer, Louisville, for Hardin Hospital Management Corp. Hardin Fiscal Court and Hardin County Memorial Hospital.

John A. Nold, Louisville, for Wehr Investment Co. and Wehr Constructors, Inc.

Robert B. Hensley, Faurest, Collier, Arnett, Hensley & Coleman, Elizabethtown, for Henderson Electric Co., Inc.

Burton Cowley, County Atty., Hardin County, Elizabethtown, for Hardin County, Kentucky, and Hardin Fiscal Court.

EDWARD P. HILL, Jr., Chief Justice.

This appeal is from a summary judgment dismissing appellants' complaint seeking recovery for damages resulting from injuries received from a fall on the parking lot of the appellee. The trial court's summary judgment was entered on the premise that the appellant, Mary Cantrell, was guilty of contributory negligence as a matter of law. We reverse.

On November 13, 1966, the appellant, Mary Cantrell, and her husband went to Hardin Memorial Hospital in Elizabethtown, Kentucky, to visit a relative. They reached the hospital during the afternoon daylight hours and stayed until after dark. Depositions and affidavits considered on appellee's motion for summary judgment disclosed the fact that appellant Ivo Cantrell parked the automobile facing the hospital with its front against a curbing, or median, about six inches in height; that Mrs. Cantrell and her husband crossed over this curbing on their way into the hospital; that when they returned to the automobile it was "pitch" dark; that the husband apparently recalled the curbing and crossed over it without incident, but the appellant Mrs. Cantrell stumbled over the curbing and received the injuries about which she complains; that there were practically no lights on in the parking lot; and that a contractor engaged in some repair work about the lot had turned the lights off.

A great number of cases have been cited by appellants and appellee which they claim support their conflicting theories of the case. These cases have all been carefully considered. However, we think the opinions in Downing v. Drybrough, Ky., 249 S.W.2d 711 (1952), and Jones v. Winn-Dixie of Louisville, Inc., Ky., 458 S.W.2d 767, more nearly fit the facts in the present case than any other decision we have been able to find. In the Downing case, this court said in 249 S.W.2d at page 712:

"If the lot was not adequately lighted, we think the division strip might reasonably be said to constitute a dangerous obstruction amounting to a hazard to those using the lot. * * * In this state of the record we think the court erred in directing a verdict for the defendant. If it had been shown that the lot was adequately lighted, considering the purpose for which it was used—or, stated differently, that defendant had used ordinary care in lighting the lot so as to keep it in a reasonably safe condition—we think a directed verdict for the defendant would have been proper. That question, of course, is one of fact to be determined as any other fact, and cannot be determined without evidence of the lighting conditions which actually existed at the time appellant was injured."

The appellee argues that since Mrs. Cantrell had passed over the curbing a few hours before her injuries while it was yet daylight, she should have remembered it as did her husband, and failing to remember the curbing, she was guilty of contributory negligence as a matter of law. We cannot accept this argument as it would amount to a choosing by this court as to which of two persons acted as would a reasonably prudent person. Maybe the husband was an extraordinarily prudent person, and maybe not. On the other hand, possibly Mrs. Cantrell was an ordinarily careful and prudent person, and possibly not. Traditionally this court has left such questions to the jury system.

Without reiterating the sound observations in Downing and Jones, supra, it is sufficient to say that in the present case we think the question of the contributory negligence of the appellant was a jury question, and the trial court erred in granting summary judgment.

The judgment is reversed with directions to grant the appellant a new trial in conformity with this opinion.

All concur.