**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 06a0931n.06
Filed: December 26, 2006

**No. 04-5676**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

_____

| | | |
|---|---|---|
| SHANNON HILDERBRAND, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| UNITED STATES DEPARTMENT OF THE | ) | COURT FOR THE WESTERN |
| ARMY and the UNITED STATES OF AMERICA, | ) | DISTRICT OF KENTUCKY |
| | ) | |
| Defendants-Appellees. | ) | |
| | ) | |
| _____ | ) | |

BEFORE: SUTTON and GRIFFIN, Circuit Judges; and COHN, District Judge.[*]

PER CURIAM.

Plaintiff Shannon Hilderbrand appeals the district court's grant of summary judgment in favor of the Department of the Army and the United States (collectively "United States" or "Army") on her premises liability claims brought pursuant to the Federal Tort Claims Act ("FTCA"). Hilderbrand alleged in her complaint that the United States was liable for injuries she sustained after she fell on snow and ice on the premises of the federal Fort Knox military base. The district court granted summary judgment in favor of the United States pursuant to Federal Rule of Civil Procedure

---

[*]The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation.

56(c). On appeal, Hilderbrand urges this court to reverse the grant of summary judgment. We decline to do so and affirm. _____

## I.

It is undisputed that on January 2, 2001, Shannon Hilderbrand slipped or tripped and fell on an icy curb outside the entrance of the Main Post Exchange ("PX"), a store on the Fort Knox, Kentucky military base. According to her deposition, Hilderbrand drove into the parking lot of the PX around 9:00 or 10:00 in the morning and saw snow or ice on the ground. She parked roughly twenty-five feet from the sidewalk and first went into the personnel office to apply for a job. She testified that the sidewalk on the way to the personnel office was "[w]et, icy; had ice on the sidewalk," and later that the sidewalk had "a little ice . . . it was real thin ice." "[T]here was ice going onto the curb." Hilderbrand was in the personnel office for fifteen to twenty minutes, then exited and started towards the entrance of the PX, which was located approximately ten feet from the door of the personnel office. Hilderbrand started towards the PX "thinking if [she] needed anything" there, but decided that she did not. Instead, she "proceeded to turn around and go to the car, and that's when I fell." She testified that she thought she fell on the sidewalk, not the curb, and said that there "could have been a little bit of ice from the curb on the sidewalk." Hilderbrand alleges that she permanently injured her ankle in the fall.

In her deposition, the following dialogue occurred:

Q.      Okay. Now, did you see any ice or snow on the sidewalk after you left the HR office and went towards the PX?

A.      I'm trying to think. It pretty much looked like black ice.

Q.      Okay.  And you saw that on the sidewalk as you left?

A.      Yes.

Hilderbrand also stated that the ice was a "brownish white" and that the snow or ice was "piled up" in front of the personnel office.

In September 2002, Hilderbrand filed a claim with the Army seeking $250,000 for the alleged injury to her ankle.  The Army denied responsibility, contending that Hilderbrand assumed the risk of the obvious and open danger of the ice.  On May 13, 2004, in a short order, the district court granted the United States's motion for summary judgment and dismissed the action with prejudice.  Hilderbrand has timely appealed.

## II.

This court reviews a district court's grant of summary judgment de novo.  *Terry Barr Sales Agency, Inc. v. All-Lock Co.*, 96 F.3d 174, 178 (6th Cir. 1996).  A grant of summary judgment is proper when, taking the facts in the light most favorable to the non-movant, there exists no genuine issue of material fact and "the moving party is entitled to a judgment as a matter of law."  *Walls v. Amerisure Mut. Ins. Co.*, 343 F.3d 881, 884 (6th Cir. 2003).

Hilderbrand's sole contention on appeal is that she sufficiently documented a case of negligence per se against the United States and proffered facts to show that it violated its common law duty of care.  Specifically, Hilderbrand argues:  (1) the Army did not comply with its own snow removal regulations, thereby establishing negligence per se; and (2) she sufficiently established facts to show that the Army was negligent in snow removal under Kentucky common law.  The United

States contends that Hilderbrand has wholly failed to show facts sufficient to establish liability under Kentucky negligence law or common law. Thus, the United States urges this court to affirm the order of the district court.

Liability of the United States under the FTCA, 28 U.S.C. § 1346(b), is governed by state law. *Vance By and Through Hammons v. United States*, 90 F.3d 1145, 1148 (6th Cir. 1996). In this case, both parties agree that Kentucky law applies.

A.      Negligence per se.

Hilderbrand argues that "[t]he negligence *per se* aspect of this case is straightforward," essentially that "the Army violated its own regulations through its failure to effect complete snow and ice removal." In support of this contention, Hilderbrand submitted the testimony of the Army base's former facilities manager, stating that the Army did not comply with its own snow and ice regulations. This is insufficient.

In Kentucky, "the violation of a statute or ordinance constitutes negligence per se leaving for determination of the trier of fact the issue of proximate cause and whether the injury was sustained by a person or interest which the statute or ordinance contemplated protecting." *Bostic v. East Const. Co.*, 497 F.2d 712, 714 (6th Cir. 1974) (citations omitted). Yet not all ordinances give rise to negligence per se. *See Schilling v. Schoenle*, 782 S.W.2d 630, 633 (Ky. 1990) (holding that ordinance requiring owners to keep sidewalks in good repair and free of snow and ice did not impose any liability upon an owner to a pedestrian, who fell on a defect in the sidewalk hidden by accumulated snow); *Estep v. B.F. Saul Real Estate Inv. Trust*, 843 S.W.2d 911, 915 (Ky. Ct. App.

1992) (holding that a city ordinance mandating the removal of snow and ice did not impose liability upon owners to patron, who slipped on ice hidden by thin layer of snow). In any case, it is undisputed that the Army's internal regulations cited by Hilderbrand are neither statutes nor ordinances. "[I]nternal operating procedures [are] . . . insufficient to create per se liability whenever [they are] not followed. To hold otherwise would be to create a disincentive for the [Army] to have written procedures." *Flechsig v. United States*, 991 F.2d 300, 304 (6th Cir. 1993).

Accordingly, Hilderbrand's allegation that the Army failed to follow its internal regulations does not establish negligence per se.

B.      Statutory Negligence.

To successfully allege a negligence claim pursuant to Kentucky law, Hilderbrand must prove: (1) a legal duty owed to her by the United States, (2) a breach of that legal duty, and (3) an injury directly caused by that breach. *See Rich for Rich v. Kentucky Country Day, Inc.*, 793 S.W.2d 832, 834 (Ky. Ct. App. 1990) (citing *M. & T. Chemicals, Inc. v. Westrick, Ky.*, 525 S.W.2d 740 (1974)). Under Kentucky common law, the duty owed by landowners to visitors depends on whether the visitor was a trespasser, a licensee, or an invitee. *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. Ct. App. 1996) (citing *Hardin v. Harris, Ky.*, 507 S.W.2d 172, 174-75 (1974)). Here, Hilderbrand came "upon the land in [a] capacity connected with the business of the possessor[,]" and is thus an invitee. *Id.*; *see also Rojo, Inc. v. Drifmeyer*, 357 S.W.2d 33, 35 (Ky. 1962). "'Slip and fall' cases are traditionally based on the duty of care that a possessor of land owes to an invitee." *Lanier v. Wal-Mart Stores, Inc.*, 99 S.W.3d 431, 432 (Ky. 2003).

Case No. 04-5676
*Hilderbrand v. US Dept of Army and USA*

> In Kentucky, it is well-established that:
>
> a landowner owes invitees "a duty to use ordinary care to have his premises in a reasonably safe condition for use in a manner consistent with the purpose of invitation, or at least not to lead them into a dangerous trap or to expose them to an unreasonable risk, but to give them adequate and timely notice and warning of latent or concealed perils which are known to him but not to them."

*Caplan v. United States*, 877 F.2d 1314, 1317 (6th Cir. 1989) (quoting *Standard Oil Co. v. Manis*, 433 S.W.2d 856, 857 (Ky. 1968)). Kentucky's case law regarding premises liability has developed within three distinct categories, the first of which is applicable here. *Horne v. Precision Cars of Lexington, Inc.*, 170 S.W.3d 364, 368 (Ky. 2005). "The first category holds that the owner of a business premises has no duty to protect invitees from injuries caused by '*natural* outdoor hazards which are as obvious to an invitee as to an owner of the premises.'" *Id.* (citing *Standard Oil Co.*, 433 S.W.2d at 858 (snow and ice) (emphasis added)).

> Specifically, Kentucky courts have stated:
>
> where there is no act on the part of the landlord creating a greater danger than was brought about by natural causes, the dangers that are created by the elements, such as forming of ice and the falling of snow, are universally known and unless the landlord has contracted to provide against these dangers, all persons on his property must assume the burden of protecting themselves therefrom.

*Caplan*, 877 F.2d at 1317 (quoting *Standard Oil Co.*, 433 S.W.2d at 858). "[N]atural outdoor hazards which are as obvious to an invitee as to the owner of the premises do not constitute unreasonable risks to the former which the landowner has a duty to remove or warn against." *Caplan*, 877 F.2d at 1317 (quoting *Corbin Motor Lodge v. Combs*, 740 S.W.2d 944, 945 (Ky. 1987)) (holding that where the hazard was created by the natural elements and the platform plaintiff slipped

on was outside, wet, contained a "glare of ice," in broad daylight, and plaintiff was fully aware of ice and snow accumulation, no duty was breached); *see also Caudill v. Wal-Mart Stores East, LP*, No. Civ-A-2005-58, 2006 WL 1464793, *2 (E.D. Ky. May 23, 2006) (slip copy) (holding ice in defendant's parking lot on which plaintiff fell was an "open and obvious" outdoor hazard); *Corbin Motor Lodge v. Combs*, 740 S.W.2d 944 (Ky. 1987) (holding that the risk presented by icy sidewalk was "open and obvious," for purposes of determining restaurant operator's liability for injuries sustained when patron slipped and fell on sidewalk; weather outside was so terrible that interstate highway near restaurant had been closed to traffic, and patron had traversed sidewalk in question and knew that it was slick); *Rogers v. Prof'l Golfers Ass'n of Am.*, 28 S.W.3d 869, 872 (Ky. Ct. App. 2000) (wet grassy hillside open and obvious natural condition as a matter of law). "An exception to this rule occurs when the owner undertakes protective measures that, in fact, heighten or conceal the nature of the hazardous condition, thus making it worse." *Horne*, 170 S.W.3d at 368 (citing *Estep v. B.F. Saul Real Estate Inv. Trust*, 843 S.W.2d 911, 914 (Ky. Ct. App. 1991)).

Hilderbrand contends both that the snow and ice that she slipped on was neither open nor obvious, and that the Army's attempt to clear the snow "rearranged the ice and snow into smallish piles and ridges that created a new hazard." In support of her allegations, she submitted three photographs of the scene, purportedly taken by her husband. We are unpersuaded. According to Hilderbrand's own testimony, the snow and ice she slipped on was an "open and obvious" hazard, and, thus, the Army did not owe her a duty. Hilderbrand admitted in her deposition that she saw the snow and ice on the ground at the parking lot; she testified that the sidewalk in front of the personnel

office was "wet" and "icy;" and she stated that she saw "black ice" or "brownish white" snow or ice prior to her fall. In short, the treacherous hazards of the sidewalk was both open and obvious, and, accordingly, the Army did not owe Hilderbrand a duty. Regardless, even if a duty was owed, the aforementioned admissions are sufficient to defeat her claim of negligence. *See Gaff v. Johnson Oil Co.*, 45 F. App'x 499, 501 (6th Cir. 2002) (unpublished) ("Kentucky law is not generous to business invitees who suffer an injury as a result of a risk created by an obvious, outdoor natural condition such as ice.").

III.

For the foregoing reasons, we affirm.