RENDERED: SEPTEMBER 12, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-1397-MR

SETH SIPE                                                                                    APPELLANT

v.
APPEAL FROM FAYETTE CIRCUIT COURT
HONORABLE KIMBERLY N. BUNNELL, JUDGE
ACTION NO. 22-CI-02252

SKYISTHELIMIT, INC.                                                                  APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  COMBS, EASTON, AND LAMBERT, JUDGES.

COMBS, JUDGE:  Seth Sipe (the Appellant) appeals from a judgment of the Fayette Circuit Court which was entered after a jury rejected Sipe's premises liability claim against Skyisthelimit, Inc. (the Appellee).  Sipe contends that he is entitled to a new trial because he believed that the trial court erred by excluding relevant evidence and by failing to instruct the jury properly.  After our review, we affirm.

Skyisthelimit, Inc., operates SkyZone, an indoor trampoline park and play area catering to children. SkyZone's trampolines are located on the first floor of its facility. An open lounge and party rooms are located on the second floor. Employees with communication devices are stationed at various points around the interior and in the party rooms. They watch for unsafe behavior and enforce SkyZone's patron rules.

Employees are not specifically assigned to monitor the staircase. However, large signage indicates that climbing on the stair handrails is forbidden. For staff training purposes, SkyZone maintains a video system streaming live feed to a monitor in the manager's office.

On March 11, 2022, Sipe went to SkyZone to pick up his daughter from a birthday party. Video footage shows that he arrived at 7:25 p.m. Sipe had been to SkyZone before, and he was familiar with its layout. A short time before Sipe arrived, a child knocked a water bottle from a partition adjoining the stairs. Water splashed from the bottle and rolled down the stairs. Another patron picked up the bottle and replaced it on the ledge, but the child knocked it off the ledge again seconds later. Sipe saw the overturned bottle at the top of the stairs and stepped over it. Another patron then picked it up and took it away. Sipe did not see his daughter in any party room, so he communicated with his wife by phone, who confirmed to Sipe that his daughter was at a trampoline park in an adjoining

-2-

county.  Still occupied with his phone, Sipe walked back to the stairs to make his way out of the facility.  At the stairs, he fell and broke his leg.  No employee was aware of the potential hazard during the three- to four-minute interval between the spilling of the water and Sipe's fall.

On August 9, 2022, Sipe filed a negligence action against Skyisthelimit, Inc.  He alleged that the business failed to exercise reasonable care for his safety.  Skyisthelimit answered and denied the allegation.  A period of discovery followed.  On February 14, Skyisthelimit filed a motion for summary judgment.  The motion was denied, and the case was scheduled for trial.

Skyisthelimit filed a motion *in limine* concerning replay of the video footage.  After a hearing, the motion was granted in part.  The jury would be told that the water bottle had been placed on the ledge at least ten minutes before the child knocked it over.  However, the court restricted the replay of SkyZone's video recording to a specific few minutes immediately before Sipe fell.  This portion of the video footage did not show children playing on the stairs.

Trial began on the morning of October 15, 2024.  More evidence was presented the following day.  After ruling on several motions, the court instructed the jury.  The parties presented closing arguments.  Ultimately, the jury was unpersuaded by Sipe's claims, and within a few minutes it rendered a verdict in

favor of Skyisthelimit. Judgment was entered October 22, 2024. This appeal followed.

On appeal, Sipe argues that the trial court erred by excluding relevant evidence and by instructing the jury in a manner that "fundamentally altered the nature of his claims." We address each contention.

Sipe contends that video evidence showing unsupervised children playing on the facility's stairs and railings was critical to his case. In particular, he notes Skyline's policies and safety rules: prohibiting children from being unattended; prohibiting them from climbing on stair railings; and requiring employees to monitor the trampoline park for unsafe behavior and potential hazards. He contends that in light of those policies, the order "would have established that SkyZone's actions or omissions directly resulted in the water being spilled on the floor." Sipe argues that the trial court erred by failing to allow him to present to the jury **enough** of the relevant video footage to show the children "playing recklessly and unsupervised" because it "effectively precluded [him] from showing the jury how SkyZone's own carelessness and failure to follow its own rules caused the dangerous condition that injured him." We disagree.

We review a trial court's evidentiary ruling to determine whether the court abused its broad discretion. *Goodyear Tire and Rubber Co. v. Thompson*, 11 S.W.3d 575, 577 (Ky. 2000). The court abuses its discretion only where its

-4-

decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles. *Clephas v. Garlock, Inc.*, 168 S.W.3d 389, 393 (Ky. App. 2004). Even where a decision to exclude evidence is erroneous, the exclusion is grounds for reversal of a judgment only where there is a "substantial possibility that the jury verdict would have been different had the excluded evidence been allowed to be presented." *Porter v. Allen*, 611 S.W.3d 290, 294 (Ky. App. 2020).

Pursuant to the Kentucky Rules of Evidence (KRE), "'[r]elevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." KRE 401. Sipe claims that the excluded evidence was relevant because it would have shown the jury that SkyZone did not adequately monitor the area and, as a result, failed to stop children from roughhousing on the stairs for several minutes until they spilled the water that caused him to fall.

As Sipe correctly notes, our rules of evidence clearly favor of the *admission* of relevant evidence. Nevertheless, even where it is relevant, evidence may be excluded. By virtue of the provisions of KRE 403, trial courts are vested with extraordinary discretion to decide whether the probative value of relevant evidence is sufficiently outweighed by the confusion or unfair prejudice that its admission might cause -- thereby justifying its exclusion.

In the case before us, the jury was shown video footage of the events that occurred between 7:24 p.m. (when a child is seen knocking over the water bottle) and 7:27 p.m. (when Sipe is seen falling down the stairs). The *excluded* video footage (running from 7:18 to 7:23:59) showed boys arriving between approximately 7:19 p.m. and 7:20 p.m. The area remained empty (except for two adult patrons arriving) until after 7:22 p.m. Next, three boys arrived and ran up the stairs. One exited the frame and the remaining two stopped at the top of the stairs, sat down, then stood again. One boy climbed onto the railing, slid down, then walked back up the stairs. The other boy left for the lounge area.

The jury was shown video footage beginning at 7:24 p.m., when the boy at the stairs pushed the water bottle over the ledge and it tumbled down the stairs. An adult patron picked it up and placed the bottle back on the ledge. At 7:24:40 p.m., the boy was seen knocking the water bottle over again -- with its contents spilling on the stairs. Less than two minutes later, Sipe saw the water bottle on the steps and stepped over it. Seconds later, another patron picked up the water bottle for a second time. At 7:27:21 p.m., Sipe walked back to the stairs and fell. The jury was told that the water bottle was on the ledge for at least ten minutes before it was spilled.

Upon its review of the disputed portion of the video, the trial court concluded that the jury could likely become distracted by their concern for the

safety of children climbing on SkyZone's stair rails -- for the risk they posed to themselves, not to adult patrons -- while only that the portion of the video showing the child knocking the water bottle over was relevant to the parties' dispute. The trial court did not err by concluding that the minimal probative value of the excluded portion of the video was substantially outweighed by the danger of confusing or misleading the jury and unfairly prejudicing SkyZone. It did not clearly err by refusing to admit such evidence.

Next, Sipe argues that the trial court compounded its initial error by rejecting his tendered jury instructions. He contends that rather than being "tailored to his theory of the case" (*i.e.*, "that SkyZone's recklessness and inattentiveness created and resulted in the dangerous condition"), the court's instructions to the jury focused "primarily on the length of time between the water being spilled and [his] fall." However, Sipe was permitted to argue to the jury that SkyZone's employees beached their duty to exercise ordinary care for his safety by failing to supervise the children on the premises in accordance with policies and procedures.

Jury instructions are reviewed "as a whole to determine whether they adequately inform the jury of relevant considerations and provide a basis in law for the jury to reach its decision." *Mendez v. University of Kentucky Bd. of Trustees*, 357 S.W.3d 534, 538-39 (Ky. App. 2011) (quoting *Gibson v. City of Louisville,*

336 F.3d 511, 512 (6th Cir. 2003)).  The instructions need only provide the essential framework of the applicable legal principles.  *Id.*

"Whether a jury instruction misrepresents the applicable law is purely a question of law, which [we] review de novo."  *Maupin v. Tankersley*, 540 S.W.3d 357, 359 (Ky. 2018).  Where the court's instructions to the jury present a substantially correct statement of the law, the instructions are not found to be prejudicial.  *Mendez*, 357 S.W.3d at 541.  It is within the trial court's discretion to deny a requested instruction, and its decision will not be reversed absent an abuse of discretion."  *Id.* (citing *King v. Ford Motor Co.*, 209 F.3d 886, 897 (6th Cir. 2000)).

We must consider whether the instructions fairly stated the law and adequately advised the jury what it had to believe from the evidence in order to return a verdict in Sipe's favor.  *See Olfice, Inc. v. Wilkey*, 173 S.W.3d 226, 229 (Ky. 2005).  The trial court record reflects that the jury was presented with video footage depicting the spilling of the bottle of water being spilled; Sipe's navigation of the stairs thereafter; and his subsequent fall down the stairs while using his cell phone and exiting the building.  Testimony from SkyZone's employees and owner then addressed their awareness of the condition and the policies and procedures employed in their effort to monitor and maintain the premises.

In its instructions, the court first defined the phrase "ordinary care" for the jury. Next, it instructed the jury that it was the duty of SkyZone and its employees "to exercise ordinary care to maintain its trampoline park in a reasonably safe condition for the use of patrons, including [Sipe]." The jury was instructed to find for Sipe if was satisfied from the evidence that Sipe was injured when he fell as a result of slipping on the water; that the premises were rendered unsafe by the presence of water on the floor; and the presence of the water on the floor was a substantial factor in causing Sipe's fall and injury.

Additionally, the court instructed the jury that although it might find that the water caused Sipe's fall, it would nonetheless find for Skyisthelimit if it were satisfied from the evidence that the water had not been caused to be on the floor "by any act or omission of [Skyisthelimit] or its employees" and it had not been on the floor for a sufficient length of time "so that in the exercise of ordinary care, [Skyisthelimit] or its employees should have discovered it and caused it to be removed or provided adequate warning of its presence."

We are unpersuaded by Sipe's contention that the court was required to include a specific instruction indicating that the jury should determine whether the stairway was unsafe for his use "by reason of the manner in which Skyisthelimit, Inc's (sic) employees monitored the trampoline park." Again, Sipe was permitted to make this very argument directly to the jury. Moreover, the

court's instructions required the jury to consider whether "any act or omission of Skyisthelimit or its employees" caused the water to be on the floor. Finally, in light of the evidence presented, instructing the jury to give the trampoline park the opportunity to discover and address the spill did not cause the jury to be confused. Sipe's reliance on *Horne v. Precision Cars of Lexington, Inc.*, 170 S.W.3d 364 (Ky. 2005), for the opposing conclusion is misplaced.

In *Horne*, the court reiterated that where an invitee is injured because of an encounter with a foreign substance or other dangerous condition, the owner of the business premises can avoid liability by proving that the hazard was not caused by the owner or his employees and that the hazard was not present for a sufficient period of time prior to the accident to give the owner notice to remove it or warn of its existence. *Horne*, 170 S.W.3d at 368.

In this case, on the evening of March 11, 2022, the video footage showed that the water was not spilled or caused to be spilled by any SkyZone employee. Additionally, whether the water had been on the stairs for a sufficient period during which an employee should have discovered it was a relevant consideration for the jury.

The court's instructions to the jury were sufficient. The instructions did not misstate applicable law, and the trial court did not abuse its discretion by

-10-

declining to grant Sipe's request to substitute his own proposed jury instructions. There was no reversible error.

The judgment of the Fayette Circuit Court is affirmed.

ALL CONCUR.

BRIEF FOR APPELLANT:

Tanner H. Shultz
Shea Conley
Danielle Blandford
Lexington, Kentucky

BRIEF FOR APPELLEE:

Anthony M. Pernice
Lexington, Kentucky